EDWARD N. ARNOLD *v.* JOHN M. ROBERTSON.

Where a lender of money employed the borrower's attorney to search the records for incumbrances on the property proposed to be mortgaged as a security for the loan, and the attorney having reported the property unincumbered, took the mortgage for the purpose of filing the same; *held,* in an action by the lender against the attorney for negligence in delaying to file the mortgage until after a subsequent mortgage had been filed, that the jury were warranted in finding the relation of attorney and client to exist between the parties, notwithstanding the fact that the fee of the attorney and the expenses of filing the mortgage were paid by the borrower.

*Held* further, that it appearing that the subsequent mortgage had, since its filing, been paid and its lien discharged, and also that the plaintiff, without being influenced by any knowledge or suspicion that such subsequent mortgage had ever been a prior lien, and without any agency or intervention of the defendant, had satisfied the obligation secured by the mortgage to him,—the plaintiff was entitled to recover only nominal damages.

*Held* further, that in such a case, it was error for the court to allow the jury to consider the question of defendant's fraud in inducing the plaintiff to acknowledge satisfaction of the mortgage, and a verdict founded on evidence of such fraud will not be upheld.

APPEAL by the defendant from a judgment entered on a verdict at trial term.

This action was brought to recover damages for negligence of the defendant, an attorney at law.

The complaint alleged that the plaintiff employed the defendant, as an attorney, to examine the title of one Patterson to certain personal property, upon which plaintiff was about to loan certain shares of stock of the value of $5,000; that defendant assured the plaintiff he could safely make such loan, he having examined the title; that the defendant drew the bond and mortgage which were executed November 22d, 1864, and the mortgage left with defendant to be filed and recorded; that the defendant did not so do, but so negligently and unskillfully conducted himself in the course of his employment as such attorney, that he failed to record said mortgage until December 23d, 1864; and that in the meantime, on December

15th, 1864, a mortgage for $11,000, executed by said Patterson to one Hutchings, and covering the same chattels, was duly filed, and thereby became and was a prior and superior lien over the mortgage to the plaintiff, and that the bond and mortgage to the plaintiff thereupon became wholly worthless.

The answer admitted that the defendant was an attorney, and denied generally all the allegations of the complaint, and alleged that the plaintiff's mortgage had been on May 22d, 1865, duly satisfied of record by the plaintiff; that the mortgage to Hutchings covered other property besides that mortgaged to the plaintiff, and more than sufficient in value to pay both of said mortgages, and that the mortgage to Hutchings was on April 11th, 1866, duly paid and cancelled of record, and that no part of the property covered by either of said mortgages was ever taken possession of, removed, sold, or claimed by either of the said mortgagees, and the stock loaned to Patterson was at the time the same was to be returned, and still is utterly worthless, and that the said Patterson offered to return the same number of shares of said stock to the plaintiff before the same was due.

Upon the trial the defendant swore that he was never employed by the plaintiff, but acted for the mortgagor, and received the mortgage from the latter, who had retained it to affix the schedule, and on the day that he received it, it was recorded. In this he was corroborated by the mortgagor. The plaintiff sought to show that the defendant, in collusion with the mortgagor, had procured a satisfaction of the mortgage from the plaintiff, and that the plaintiff only received in consideration of such satisfaction the note of the mortgagor for $2,600 and certain promises; that the note was worthless, and the promises fraudulent.

The jury found a verdict for the plaintiff, and from the judgment thereon the defendant appealed.

*Stephen B. Brague & Luther R. Marsh*, for appellant.

I. The motion for a non-suit, at the close of the plaintiff's proof, should have been granted.

Arnold v. Robertson.

It appears, not only by the complaint, but also by the evidence of the plaintiff, that the whole claim and ground of grievance is, that the defendant did not file the plaintiff's mortgage, till after the subsequent Hutchings' mortgage was filed; which thereby became a lien prior to the mortgage of the plaintiff's. On the most favorable construction of the plaintiff's evidence, there was no undertaking of the defendant, nor any employment of him by the plaintiff to file the mortgage. But even if there were evidence tending to show an employment by the plaintiff of the defendant to file the mortgage, it was without consideration, and was not professional.

II. The plaintiff having been paid, and satisfied his mortgage of record, cannot maintain this action against defendant for a failure to file the mortgage.

III. The only mortgage which intervened was in fact paid prior to the payment and satisfaction of the respondent's mortgage, and thereby the respondent's mortgage became, and was at the time of the giving of his satisfaction, a first lien upon the property, and any injury which might have resulted from the intervening mortgage was cured.

IV. The mortgage which intervened embraced other property besides that covered by respondent's mortgage, and more than sufficient to pay the same, and was, in fact, sold by Patterson for more than the amount of it. This being the undisputed fact, if Hutchings proceeded to the foreclosure of his mortgage, a court of equity would have restrained him from selling the property covered by the Arnold mortgage, until after the property covered exclusively by his mortgage had been exhausted.

This is the well-established rule in regard to real estate. (*Skeel* v. *Spraker*, 8 Paige, 182; *Governeur* v. *Lynch*, 2 *Id.* 300; *Rathbone* v. *Clarke*, 9 *Id.* 648; *Schryver* v. *Teller*, 9 *Id.* 173; *Crafts* v. *Aspinwall*, 2 N. Y. 289.)

V. At the time of the giving of the satisfaction piece, Patterson was in the possession of all the property, and conceding a then existing injury for not having filed the mortgage in time, the measure of damage at that time would not have been the amount of the mortgage, but the difference between it and

the value of the property over the intervening mortgage. If there was any neglect in the filing of the mortgage, the appellant had the right to be subrogated to the rights of the respondent in respect to it, but by the satisfaction of it, the appellant was deprived of all benefit of it.

VI. The respondent having brought this action to recover damages for not filing a chattel mortgage, is confined to that cause of action, and cannot recover in the same action for deceit or fraud in procuring a satisfaction of two mortgages or for a concealment of the fact of payment of the intervening mortgage. A party must recover according to the case made by his complaint, or not at all. *Secundum allegata* as well as *probata.* (*Rome Exch. Bk.* v. *Eames*, 1 Keyes, 588; *Ryder* v. *Jenny*, 2 Robt. 56; *Boardman* v. *Davidson*, 7 Abbott Pr. N. S. 439.) In order to maintain a claim for special damages, they must be the legal and natural consequences arising from the tort, proceeding exclusively from that act, and not from the wrongful act of a third party, remotely induced thereby. (1 Saund. Ps. & Ev. 344; *Crain* v. *Petrie*, 6 Hill, 522; *Jansen* v. *Ball*, 6 Cow. 628; *Bridge* v. *Mason*, 45 Barb. 37.)

The relation of attorney and client is created by contract, and, like all other contracts, must be founded on a consideration. (1 Parsons on Contracts, 115; *Brady* v. *Mayor &c.*, 1 Sandf. 569.)

VII. The mortgage was not in a condition to be filed until after the government stamps were put on and duly canceled according to the act of Congress.

*George W. Wingate*, for respondent.

I. This case was submitted by the court to the jury upon the question of the credibility of the respective parties in the action, and the verdict of the jury in favor of the plaintiff established the truth of the plaintiff's version, and it should not be interfered with on appeal. (*Forward* v. *Harris*, 30 Barb. 338; *Mann* v. *Witbeck*, 17 Barb. 388; *Roberts* v. *Gee*, 15 Barb. 449.)

II. It is immaterial whether or not the defendant was

bound to file the plaintiff's mortgage. Having informed him that he had filed it, and thereby misled him, he is liable for the injury caused by such false assertion ; whether he asserted that which he knew to be false, or that which he did not know to be true. (*Bennett* v. *Judson*, 21 N. Y. 241 ; 1 Story's Eq., § 193, and cases cited.)

III. The defendant's employment, however, bound him to perform this duty, although it might not have been specifically mentioned. A client is never required to specify each legal step his attorney should take to protect him. If he could do that, he would not need his assistance. It is immaterial whether the defendant's employment was gratuitous or for a compensation. He had a right to refuse to do anything until his disbursements, and, perhaps, his fees, were secured, but he was bound to communicate such refusal, or any inability to accomplish his commission, to his client, so as to enable him to protect himself. (*Calender* v. *Oericks*, 6 Scott, 761–767.)

The rule is, that although a person may not be bound to act without a consideration, yet that if he gratuitously undertakes to do anything in which his profession implies skill, his omission of that skill constitutes gross negligence, and makes him liable. And the receipt of the thing which is to be carried, or in regard to which the work is to be performed, constitutes a consideration for his contract. (*Shiells* v. *Blackburn*, 1 Hen. Blacks. 158; *Wilson* v. *Brett*, 11 Mees. & Wels. 113; Cited and approved, *Nolton* v. *Western R. R.* 15 N. Y. 444, 449; *Thorne* v. *Deas*, 4 Johns. 48.)

IV. The evidence shows that the defendant agreed to look to the mortgagor (Patterson) for his compensation. This is the ordinary rule in loans, and relieved the mortgagee from any obligation to pay. A reliance on the credit of another will relieve the employer. (*Sloan* v. *Van Wyck*, 47 Barb. 634; *James* v. *Bixby*, 11 Mass. 37; *Judson* v. *Gray*, 17 How. Pr. 289, affirmed by Ct. Ap. 17 How. Pr. 296; *Schemerhorn* v. *Vanderheyden*, 1 Johns. 140; *Lawrence* v. *Fox*, 20 N. Y. 268; *Van Schaick* v. *3d Av. R. R.*, 38 N. Y. 346.)

Patterson's promise, even if gratuitous, became binding upon him when accepted. (*Wayne & Ont. Inst.* v. *Smith*, 36 Barb. 576.)

V. The plaintiff did not lose his claim for damages by satisfying his mortgage, as this satisfaction was obtained by fraud, and, therefore, void.

He signed it in ignorance of the defendant's fraud, and under the belief, inspired by his representations, that his (plaintiff's) mortgage was worthless, and that his only chance of getting anything was in keeping on good terms with Patterson, whereas, in fact, the Hutchings' mortgage had been paid (although not satisfied of record), and Patterson, by concealing the fact, induced him to cancel as worthless what was really a valuable security.

This was a fraud, which rendered the transaction void. The rule is, that if there has been intentional concealment or suppression of material facts in cases where both parties have not equal access to the means of information, it will be deemed unfair dealing, and will vitiate and avoid the contract. (2 Kent's Com. 482, approved, 1 Sandf. Ch. 344; see 2 Black's Com. 451; *Drummond* v. *Tracy*, 6 Jur. N. S. 369; *Bench* v. *Sheldon*, 14 Barb. 66, 72; 22 Barb. 654; 1 Story's Eq. Juris. §§ 208 to 212.)

Therefore, not removing a delusion into which the vendor knew the purchaser had fallen, is equivalent to an express misrepresentation. (*Keates* v. *Cadogan*, 2 Eng. L. and E. 318; *Hill* v. *Gray*, 1 Starkie, 434.)

VI. The plaintiff was not bound to resort to equity to compel Hutchings to elect between the goods at the stable and those at the hotel, even if he had the legal right to do so. The plaintiff was only bound as against the defendant to take such steps to protect himself as he could do at a trifling expense or with reasonable exertions. (*Miller* v. *Mariner's Church*, 7 Greenl. 51; *Heaney* v. *Heeney*, 2 Denio, 625.)

VII. Default having been made in the payment of the mortgage to Hutchings, the title to the mortgaged property had vested absolutely in the mortgagor, even if he had not reduced it to possession. (*Hulsen* v. *Walter*, 34 How. 385; *Brown* v. *Bement*, 8 Johns. 75; *Ackley* v. *Finch*, 7 Cow. 290; *Langdon* v. *Buel*, 9 Wend. 80; *Patchin* v. *Pierce*, 12 Wend. 61; *Champlin* v. *Johnson*, 39 Barb. 606.)

VIII. The ruling of the court in regard to allowing the plaintiff to explain the manner in which the satisfaction of his mortgage had been obtained, was mere matter of discretion. (*Harpell* v. *Curtis*, 1 E. D. Smith, 78; *Peckham* v. *Leary*, 6 Duer, 494; *Burger* v. *White*, 2 Bosw. 92; *Anthony* v. *Smith*, 4 *Id.* 503.)

The satisfaction was only proven incidentally by an indorsement on the mortgage offered in evidence, which indorsement had not been noticed by the plaintiff's counsel.

By the Court.*—Robinson, J.—This is an action against an attorney for neglect of professional duty.

The complaint alleges that the plaintiff, in November, 1864, retained and employed the defendant to act for him in examining the title of one Charles G. Patterson to certain articles of personal property, upon which the plaintiff was about loaning him 5,000 shares of mining stock; to ascertain if there were any prior mortgages or encumbrances, and to draw, procure to be executed and filed, and recorded with the register of the city of New York, a good and sufficient bond and mortgage thereon to secure such loan, and that defendant, for compensation to be paid him, undertook such employment; that the defendant reported the security sufficient and the plaintiff made the loan; that the defendant drew the bond and mortgage and procured the same to be executed by Patterson on the 22d of November, 1864, and promised and agreed to immediately file and record it, so as to render it effectual against subsequent incumbrances, and that he thereby induced the plaintiff to leave the mortgage with him for that purpose; that the defendant neglected to file the mortgage until the 23d day of December, 1864, by reason of which neglect another chattel mortgage upon the same property, dated December 14, 1864, executed by Patterson to one Hutchings, to secure $11,000, was filed and became a prior lien, whereby the plaintiff's mortgage had become worthless and he had sustained damages to the amount of $6,000.

These allegations were denied by the answer, which also set

---

* Present—Robinson, Loew, and Larremore, JJ.

Arnold v. Robertson.

up that the plaintiff's mortgage had been fully paid and satisfied; that the Hutchings mortgage covered other property and more than sufficient to pay both mortgages, and that the Hutchings mortgage was paid and satisfied on or before April 11, 1866.

The cause was tried before Chief Justice Daly and a jury, and a verdict rendered against the defendant for $3,258, which was the estimated value of the mining stock loaned to Patterson.

The testimony of the plaintiff in support of his case warranted the jury (if they gave it credit to the exclusion of the contradictory evidence offered on the part of the defendant), in finding that, at his request, the defendant, who was known to him to have acted as Patterson's lawyer, undertook to search the records for prior incumbrances, to draw the bond and mortgage and to act in the matter for plaintiff's "protection," and that after the bond and mortgage were signed, defendant asked for money for the revenue stamp and Patterson gave him money to purchase it; that defendant then asked for the fees for filing and plaintiff refused to pay any, saying: "it was a simple matter of accomodation to Patterson and that he ought not to be put to any expense;" that Patterson then said to defendant, "all right, John, I will pay it," that defendant then took the bond and mortgage away with him; that the next day plaintiff asked him for the bond and mortgage and defendant gave him the bond and said the mortgage was on record, that it had been left at the register's office; that he never paid or agreed to pay defendant any money.

Upon these facts, as testified to by plaintiff, the jury were justified in coming to the conclusion that the defendant, with consent of Patterson, undertook to act for plaintiff in the manner charged in the complaint.

It however appeared without question or contradiction:

1st. That the Hutchings mortgage was paid March 29, 1865.

2d. That plaintiff, on some previous occasion and without the knowledge of the defendant, had received from Patterson his note, dated March 31st, 1865, for $2,600 (the amount the

mining stock originally cost,) in payment of the mortgage and subsequently, on the 1st of April, 1865, executed and acknowledged satisfaction.

3d. That plaintiff made this acknowledgment of satisfaction of his mortgage without being influenced by any consideration as to the Hutchings mortgage being a prior lien to his own, as he never became aware of its having been filed prior to his until in the summer or fall of 1867.

Some testimony was admitted tending to show that this subsequent acknowledgment of a satisfaction piece was given upon or in consequence of defendant's advice to plaintiff *to give a satisfaction piece for the mortgage and keep on good terms with Patterson, and on his assertion* that Patterson would pay him.

Question as to the giving of the satisfaction piece arose between the parties from the fact that a Mr. Graydon, a judgment creditor of Patterson for about $7,000, had levied upon the property, and it was in the custody of the sheriff; that Graydon looked upon both mortgages as bogus, and made to cover up Patterson's property.

On cross-examination plaintiff withdrew these assertions as to the defendant having made any such suggestion, but says: "Mr. Patterson was seated at the desk, writing, and Mr. Robertson (defendant) *whispered* something in his ear, and he (Patterson) turns immediately to me and said, 'Arnold, I wish you to make a satisfaction piece of that mortgage that you promised to," and then stated that all defendant had said, when wanting him to give the satisfaction piece, was that if he (plaintiff) foreclosed that mortgage he would have to replevin the goods, and that he would be put to great expense and would have to give bonds for the previous mortgage and there would be nothing left to satisfy him.

Upon these facts a motion was made to dismiss the complaint which was denied and defendant excepted. This decision in strictness, was justified, as the testimony tended to establish a breach of duty, for which at least nominal damages were recoverable.

The verdict found by the jury was manifestly for $2,500 and interest from January 23d, 1865.

Arnold v. Robertson.

Accepting the fact as proved by or on the part of the plaintiff and the conceded facts as to the settlement and satisfaction of both the plaintiff's and Hutching's mortgages, as above stated, as to which there was no question, the verdict cannot be sustained.

1st. No substantial injury whatever appears to have resulted from defendant's alleged omission to file the plaintiff's mortgage until the 23d of December, for although the Hutchings mortgage intervened and injury might possibly have thereby happened, none such ensued as that mortgage was paid March 29th, 1865, prior to any attempt of the plaintiff to foreclose his mortgage, and its lien had become perfect as a first mortgage.

2d. The plaintiff, on the 31st of March, 1865, without being influenced by any knowledge or suspicion that the Hutchings mortgage (then satisfied) had ever been a prior lien to his, and without any agency or intervention of the defendant, had accepted the note or absolute promise of Patterson for $2,600 in satisfaction of the obligation secured by the mortgage to return the 5,000 shares of mining stock, and had never attempted to rescind that transaction.

Notwithstanding this state of facts, the issue or consideration which appears to have been presented and made the subject of decision by the jury was whether this formal acknowledgment of satisfaction of the mortgage was fraudulently influenced by the defendant's advice and his whispering of some suggestions to Patterson in reference (as was affirmed), to the subject under consideration.

The true and only issue presented by the pleadings was his breach of obligation to file the mortgage and the damages legally resulting from any neglect to do so. Yet the case, as presented to the jury, assumed to try the question of his fraud in advising the giving of the satisfaction piece of the mortgage after a full settlement of the mortgage debt between plaintiff and Patterson, in which defendant was not shown to have had any agency, and in presenting for the consideration of the jury his responsibility for some fraud or breach of promise of Patterson in failing to pay his note for $2,600 in such collateral manner as he had engaged when he gave it.

Arnold v. Robertson.

A perusal of the case cannot fail to show that, under the alleged breach of defendant's duty to file the chattel mortgage, he has been made responsible upon entirely different considerations.

Plaintiff did not attempt to show any participation of the defendant in the settlement upon which the $2,600 note was given, nor any legal evidence of facts warranting any inference that defendant had in any manner induced him to accept it.

The case disclosed no substantial injury to have resulted from defendant's alleged omission to file plaintiff's mortgage and warranted no other verdict than for mere nominal damages, and the judge erred in neglecting so to charge.

Under the mere allegation of defendant's breach of duty in neglecting to file the mortgage, he has evidently been held responsible for a fraud in inducing the plaintiff to acknowledge satisfaction of the mortgage, which was foreign to the case presented by the pleadings and for damages which could not possibly have resulted from the acts complained of.

The several exceptions were well taken and the verdict having evidently been given upon some prejudice or mistake as to the rule of damages which ought to have governed, ought not to be upheld.

The judgment should be reversed and a new trial granted with costs to abide the event.

Judgment reversed.