(20 App. Div. 569.)

FAY v. McGUIRE et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. NEGLIGENCE OF ATTORNEY—LIABILITY TO CLIENT.
   Defendants, as attorneys for plaintiff, represented to him that a mortgage of $4,000, which they obtained for him, was a first lien. He foreclosed, and under agreement with the purchaser, M., took $4,000 of the price in the form of a purchase-money mortgage on the premises. M. was obliged to clear the property of certain liens and incumbrances not discov-

ered by defendants, and prior to the original mortgage. Plaintiff agreed to and did pay M. half this outlay. *Held*, that plaintiff was entitled to be put as nearly as possible in the same position as he would occupy if the mortgage defendants obtained for him had really been a prior lien.

2. SAME—MEASURE OF DAMAGES.

The measure of plaintiff's damages was what it was necessary for him to pay to remove the prior incumbrances.

Submission of controversy on agreed statement of facts by Thomas Fay, John C. McGuire, and Edwin C. Low, composing the firm of McGuire & Low.    Judgment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Jacob H. Shaffer, for plaintiff.
McGuire, Low & Burr, for defendants.

WILLARD BARTLETT, J.   The question upon which this controversy turns is whether the plaintiff has been damaged in a legal sense by the action of the defendants, who were his attorneys at the time, in representing to him that a mortgage which they obtained for him on certain premises at Hempstead, in Queens county, was a first lien upon the property, ahead of all other incumbrances.   The mortgage was for $4,000.    The plaintiff foreclosed it, and the property was sold at the foreclosure sale for $4,965, to one Benjamin Moore, with whom the plaintiff had previously agreed to take $4,000 of the price in the form of a purchase-money mortgage if Moore should become the purchaser.   A purchase-money mortgage for that amount was accordingly given to the plaintiff by Moore, who subsequently made a contract to sell the property, but could not do so until he had cleared the title of certain liens and incumbrances, which the defendants had apparently failed to discover, and which were prior to the original mortgage obtained by them for the plaintiff.   The amount necessarily expended by Moore for thus clearing the title was $480.   The plaintiff agreed to pay and did pay Moore half of this sum, and he seeks by the present proceeding to recover such one-half from the defendants.

It would seem clear that the plaintiff is entitled to be put as nearly as possible in the same position as he would now occupy if the mortgage which the defendants obtained for him had been really a prior lien.   He holds Moore's purchase-money mortgage for $4,000 in lieu of that original mortgage.   If the original mortgage had been a first lien, as the defendants undertook that it should be, then the purchase-money mortgage would now be a first lien.   The plaintiff is damaged directly just so much as it falls short of being a first lien, and the measure of his damage is what it was necessary for him to pay to remove the prior incumbrances and make his mortgage first.   He sought, in the first instance, to get a higher security than he has obtained.   His failure to obtain it was due to the omission of his attorneys to discover the prior liens.   The plaintiff's right of action accrued immediately, and he may recover the difference in value between the security that his attorneys actually obtained for him and that which they undertook to obtain

under their contract of employment.    Miller v. Wilson, 24 Pa. St.
114; Lawall v. Groman (Pa.) 37 Atl. 98.    This does not mean the
·difference in ultimate value, to be determined by the amount which
the plaintiff succeeds in collecting on his mortgage when he comes
to foreclose it; but the test is the worth of the security when his at-
torneys obtained it for him compared to its worth at that time if
there had been no liens ahead of it.    As a guaranty that he would·
·eventually recover the money loaned by him, the mortgage was
lessened in value by the precise amount of the prior incumbrances,
.and the plaintiff suffered damage accordingly in the sum required
to remove them, and give him the first lien.    As to the items of ex-
penditure made for the purpose of clearing the title, it appears that
the first two payments were absolutely necessary, and these aggre-
gate more than the amount which the plaintiff seeks to recover.

I think the plaintiff is entitled to judgment upon the submission.
All concur.