(37 Misc. Rep. 93.)

## GARDNER v. WOOD.

(Supreme Court, Special Term, New York County. January, 1902.)

1. NEGLIGENCE OF ATTORNEY—ACTION FOR DAMAGES.

   A complaint alleged that plaintiff was a general guardian, and loaned money on a mortgage on real estate on the advice of defendant, who did not disclose the existence of a first mortgage thereon; that the latter mortgage was foreclosed, and plaintiff's mortgage cut off; and that by reason of defendant's negligence plaintiff was injured to the extent of the loan made and the interest thereon. *Held*, to sufficiently allege the retainer of the defendant, and his negligence either in failing to discover the existence of a first mortgage, or failing to advise plaintiff that he could not invest in a second mortgage.

2. SAME—PLEADING.

   The fact that the complaint does not allege that the obligors on the bond secured by the mortgage were irresponsible is no bar to an action at once for all the damages plaintiff is likely to sustain.

3. SAME—TENDER.

   In an action against an attorney for negligent advice as to a loan on a bond and mortgage, the failure in the complaint to offer to assign the same to defendant is no objection thereto.

Action by Walter A. A. Gardner, as guardian of Arthur McKinney and Belle L. McKinney, against William T. Wood. Demurrer to complaint overruled.

Carter & Ledyard (Edmund L. Baylies, of counsel), for plaintiff. Leon Huhner, for defendant.

GREENBAUM, J. The complaint alleges, in effect, that the defendant, an attorney at law, negligently advised and permitted the plaintiff, as general guardian, to loan a certain sum of money upon a mortgage security upon certain real property, without disclosing the existence thereon of a prior mortgage; that plaintiff discovered that he had a second mortgage only after the institution of foreclosure proceedings under the first mortgage; and that upon such foreclosure the property was sold, and failed to realize more than sufficient to pay the amount of the first mortgage. The complaint further alleges that, "by reason of the negligence of the said defendant in the premises," the plaintiff has sustained damages in the amount of the loan, with interest.

The defendant demurs to the complaint upon the ground that it fails to set forth a cause of action. As all reasonable intendments will be implied in support of the pleading (Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9), the complaint will be upheld as sufficiently alleging the retainer of the defendant, and his negligence in omitting to discover or to disclose to the plaintiff the existence of a first mort-

gage on the property, or in failing to advise plaintiff that he may not invest on second mortgage security.

But the defendant claims that, the loan being the principal debt and the mortgage being collateral, unless it is alleged that the obligors on the bond are irresponsible it is not made to appear that the plaintiff will necessarily sustain any damage. The argument is certainly ingenious, and it would appear to have some force at first blush. Such authorities as can be found, however, destroy its force. Weeks, Attys. at Law (2d Ed.) 664, cites the English case, where it was held that an attorney is liable immediately for all damages which are likely to be sustained by reason of the attorney's negligence in delaying to record a mortgage until after subsequent ones had been recorded. To the same effect, see Fay v. McGuire, 20 App. Div. 570, 47 N. Y. Supp. 286, and cases there cited. Unless a client could immediately sue the attorney, his claim might be barred in a case where the mortgage would not be due until after the period of limitation. Wilcox v. Plummer's Ex'rs, 4 Pet. 172, 7 L. Ed. 821.

Moreover, the plaintiff was entitled to a first mortgage investment respecting which the attorney was specially retained, and to all the advantages that would accrue from the ownership of such mortgage. This has been lost by defendant's acts, by reason of which plaintiff alleges he has sustained damages. The complaint sufficiently apprises defendant of the basis of plaintiff's claim for damages. In Arnold v. Robertson, 3 Daly, 298, the court held that in cases of this kind nominal damages would be recoverable. As against the demurrer, the allegation of damages is sufficient. Abb. Tr. Brief Pl. p. 189. The plaintiff might have offered to assign the bond or other evidence of obligation and mortgage, but it is probable that a tender of such assignment would be sufficient upon the trial. Whitney v. Martine, 88 N. Y. 540.

Demurrer overruled, with leave to defendant to answer within 20 days upon payment of costs.