In the Matter of the Application of THE CITY OF NEW YORK, Appellant, to Acquire Title to the Real Property for the Opening of Clove Avenue (Road), etc., in the Borough of Richmond, City of New York. SAMUEL BRILL, Respondent.— The decision of this court handed down on June 24, 1932 [ante, p. 691], is hereby amended to read as follows: Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

In the Matter of the Application of EDGAR J. HECHT for Admission to the Bar. (From the State of Virginia.) — Application granted. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

MELISSA E. AUSTIN, as Administratrix, etc., of CHARLES AUSTIN, Deceased, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.*— Judgment modified by striking therefrom the sum of $3,544 allowed as interest, and as so modified unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ.

MARIE BALDWIN, Respondent, v. ALFRED BERNHEIM, Appellant.— Judgment reversed on the law and the facts and a new trial granted, costs to abide the event, unless within five days from service of a copy of the order herein, plaintiff stipulate to reduce the verdict by the sum of $600, in which event the judgment as so modified is unanimously affirmed, without costs. This modification is on the theory that the evidence discloses that that is the sum which she advanced, against which the computation of damages is to be made under Fay v. McGuire (20 App. Div. 569; affd., 162 N. Y. 644) and Gardner v. Wood (37 Misc. 93). The documentary evidence and the proof, apart from plaintiff's Exhibit 3, disclose that the mortgage given by the defendant to the plaintiff was a third mortgage, and the proof justified a finding that the defendant represented that it was a second mortgage. The proof likewise, including plaintiff's Exhibit 6, justified a finding that the defendant knew that the representation was false and that it was relied upon by the plaintiff to her damage. The extent of the damage is the only thing with respect to which the evidence is vague, plaintiff having testified to having turned over $4,500, and indicated that the balance, up to $6,000, rested upon a series of credits to her in the hands of the defendant, without making clear what those credits were or whether they were presently recognized as being the equivalent of cash to her credit in the defendant's hands, although at a later point she in effect testified that the $900 payment was made to supplement the prior $4,500 payment. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

BENOR REALTY CORPORATION, Appellant, v. MINNIE ZAITCHICK, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.