LAEHN COAL & WOOD COMPANY, Appellant, vs. KOEHLER, Respondent.

*May 7—June 8, 1954.*

For the appellant there were briefs and oral argument by *Frank E. Harvey* and *John W. Emmerling,* both of Milwaukee.

For the respondent there was a brief by. *Kaftan, Kaftan & Kaftan* of Green Bay, and *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Adolph P. Lehner.*

MARTIN, J.  Plaintiff's amended complaint sets forth two causes of action. It is first alleged that defendant, a duly licensed attorney, was "acting as attorney and counsel for plaintiff with respect to the transaction hereinafter set forth;" that on April 14, 1951, certain real estate was offered for public sale at a sheriff's auction in Shawano, which auction was attended by Herman Laehn, president of the plaintiff company, and defendant, as attorney for plaintiff; that defendant, without prior authority, made the highest bid, $40,000, for the property in behalf of the plaintiff; that defendant knew the property was being sold subject to real-estate taxes, assessments, interest, and penalties amounting to $5,000, but that plaintiff did not know of such liens; that plaintiff ratified the bid and became the purchaser of the property. Plaintiff further alleges that it was the duty of

the defendant, as its attorney, to convey all information in his possession with respect to the property, but failed to disclose the existence of the liens until after plaintiff ratified the bid. Plaintiff alleges it was damaged in the sum of $5,000, the property being worth that much less than it considered the value to be when it ratified the bid.

The complaint states that the relationship of attorney and client existed between the parties in this transaction. As observed in *In re Law Examination of 1926* (1926), 191 Wis. 359, 362, 210 N. W. 710:

"An attorney occupies a fiduciary relationship toward his client. It is one of implicit confidence and of trust; and in harmony with the vastly increasing complexity of our industrial and commercial interests, such trust and confidence have maintained an equal pace, so that specialization in the various fields of the profession has become necessary and common, resulting, however, in a broader and enlarged dependence of the client upon the lawyer."

It was defendant's duty to disclose to the plaintiff any and all facts within his knowledge relating to the subject of the sale and the conditions of the sale. This court has always held an attorney to the highest degree of good faith in his relationship with his client. See *Armstrong v. Morrow* (1917), 166 Wis. 1, 163 N. W. 179, and cases therein cited. He is under the duty to make a full disclosure of all information material to the transaction in which he is retained.

In Restatement, 3 Torts, p. 117, sec. 551, it is said:

"(2) One party to a business transaction is under a duty to exercise reasonable care to disclose to the other before the transaction is consummated

"(a) such matters as the other is entitled to know because of a fiduciary or other similar relation of trust and confidence between them, . . .".

And failure to make such disclosure constitutes fraud. 37 C. J. S., Fraud, p. 247, sec. 16.

Plaintiff has failed, however, to allege that it relied upon defendant to disclose all information he possessed with regard to the property in question or that the concealment was a moving inducement to its ratification of the bid. The complaint merely states:

"Plaintiff, not knowing of the existence of said tax and assessment liens upon said property and the fact that said property was being sold subject to the same, ratified the making of said bid of $40,000 by defendant, . . ."

There is nothing in the complaint to indicate that plaintiff would not have ratified the bid had it known of the existence of the liens.

"It is generally held that whether the party would have acted in the absence of the representation is the test of whether or not he relied thereon; that to secure redress for false representation complainant must show that he would not have acted but for such representation; and that there can be no recovery for concealment where it does not appear that plaintiff would have acted otherwise had he known the facts; but that, if complainant was so influenced by misrepresentations that without them he would not have acted, sufficient reliance is shown to warrant recovery. A few decisions, however, have repudiated this test as too speculative, and have held that it is sufficient that the representations have operated as one of the inducements to plaintiff's action." 37 C. J. S., Fraud, p. 271, sec. 29.

The complaint is fatally defective in failing to allege that the concealment constituted such inducement. In an action based on fraud we cannot so liberally construe the complaint as to infer from the allegation quoted above that plaintiff acted as it did only because it did not know of the liens and that it would not have ratified the bid had it known of them.

"When an action is based on fraudulent concealment, a duty to disclose the truth must be shown and further that

the disclosure was not made when opportunity was presented and that the party to whom the duty of disclosure was due was induced thereby to act to his injury. The mere characterization of the concealment as false and fraudulent is insufficient in the absence of further allegations of fact." 37 C. J. S., Fraud, p. 377, sec. 81.

See also *Ott v. Hood* (1913), 152 Wis. 97, 139 N. W. 762; *Angers v. Sabatinelli* (1940), 235 Wis. 422, 293 N. W. 173.

As to the second cause of action, it is alleged that plaintiff consulted with defendant as its attorney with respect to disposing of the real estate and defendant recommended that it employ Clintonville Sales Corporation and A. R. Umland, real-estate brokers, to conduct a sale. Plaintiff acted upon such recommendation. Plaintiff then alleges, on information and belief, that defendant made the recommendation in order to benefit himself as a stockholder, officer, and director of the Clintonville Sales Corporation, in violation of his duty as attorney to advise solely on the basis of plaintiff's best interest.

It is not alleged, however, that any acts of the defendant were the proximate cause of injury to plaintiff. The complaint states that plaintiff sustained damages arising out of the acts of Clintonville Sales Corporation and A. R. Umland as brokers for plaintiff in connection with the sale of the property, but there is no showing that defendant was in any way responsible for the acts of the brokers.

While it is alleged that defendant recommended the brokers during consultation with plaintiff, it cannot be said that he was performing any professional services for the plaintiff when he made the recommendation. See Anno. 111 A. L. R. 19, 23.

*By the Court.*—Order affirmed.