WIDEMSHEK, Appellant, v. FALE, Respondent.*

*September 4—October 2, 1962.*

---

* Motion for rehearing denied, with $25 costs, on November 27, 1962.

338

For the appellant there was a brief and oral argument by *Max E. Geline* of Milwaukee.

For the respondent there was a brief and oral argument by *Ben E. Salinsky* of Sheboygan.

BROWN, C. J. The issues plaintiff raises on this appeal are whether he is entitled to recover damages, compensatory, nominal, or punitive, against defendant by reason of his failure to obtain a first mortgage on the property, and whether the negligent or fraudulent acts of the defendant entitled plaintiff to recover necessary attorney's fees and other expenses that he incurred in seeking to establish the liability of defendant.

An attorney negligent in the performance of his duties to his client is liable for all the damages sustained as a

proximate result of his negligence. 7 C. J. S., Attorney and Client, p. 1003, sec. 157. Thus, if he is negligent in the examination of title to real property he is liable in damages. 7 C. J. S., *supra.*

The causes of action of plaintiff for negligence or for fraud turn on the question of whether he sustained any actual or compensatory damage by reason of the Hilpertshauser judgment. Actual damage is an essential element in the cause of action based on negligence or on fraud. *Hasbrouck v. Armour & Co.* (1909), 139 Wis. 357, 121 N. W. 157 (negligence). Also Prosser, Law of Torts (2d ed.), p. 165, sec. 35. With respect to punitive damages, we have held that actual damage must have been suffered before an award of punitive damages can be given. *Hahn v. Petters & Co.* (1926), 189 Wis. 145, 207 N. W. 291; *Stephens v. Wheeler* (1927), 193 Wis. 164, 213 N. W. 464.

Nominal damages were not awarded by the trial court nor did it pass upon this issue, apparently because plaintiff did not pray for nominal damages either in his original complaint or in his amended complaint. Plaintiff is not entitled to nominal damages for he has not established a cause of action by either complaint by which the law presumes damages to exist.

A purpose of obtaining the first mortgage on the tavern property was to protect an original obligation owing to plaintiff. In case of default on the original obligation plaintiff would be able to recover his mortgage interest, and in full if possible. The existence of a prior lien to the mortgage would tend to reduce the possibility of plaintiff's recovering his mortgage interest. If the payment of the lien resulted in only a partial recovery of the mortgage interest then the plaintiff would have sustained actual damage by reason of the lien. The existence of the lien in this case, however, was only a potential damage to plaintiff which never ripened into actual damage, for plaintiff did, in fact, recover his

mortgage interest in full. Also, plaintiff does not allege by his complaint or by his proffered amended complaint that prior to the recovery of his mortgage interest the presence of the lien on the tavern did actually reduce the value of the security below the amount of the debt.

Appellant relies on *Bayerl v. Smyth* (1937), 117 N. J. L. 412, 189 Atl. 93, and *Gardner v. Wood* (1902), 37 Misc. 93, 74 N. Y. Supp. 750, as authority for his contention that he suffered damages due to the failure of the attorney to inform him of the Hilpertshauser lien. The facts in these cases are readily distinguishable from those in the present case. In the *Bayerl Case* the purchaser of the property, unaware of his outstanding lien, sustained actual damages because when he later sold the property he had to satisfy that lien, and the amount of consideration he received in his original purchase of the property was reduced by the amount of the lien. In the *Gardner Case,* plaintiff, owner of a second mortgage, was unaware of a prior mortgage on the same property until after the institution of foreclosure proceedings on the first mortgage. The property sold in that mortgage foreclosure was not even sufficient to satisfy the first mortgage, and plaintiff was left without any recovery of his mortgage interest.

Appellant also relies on the case of *Laehn Coal & Wood Co. v. Koehler* (1954), 267 Wis. 297, 64 N. W. (2d) 823, but this case is also distinguishable from the case at bar for in that case the attorney for the purchaser at a public sale failed to inform him of an outstanding lien, whereas in the present case the plaintiff had knowledge of the lien at the foreclosure sale. We dismissed the appeal in that case on the ground that the complaint was totally defective because it failed to state that the alleged concealment constituted an inducement.

Appellant contends that he should be awarded as damages the necessary attorney's fees and necessary expenses

incurred in seeking to establish the liability of the defendant. However, the law does not generally recognize attorney's fees as recoverable unless authorized by statute or contract, except when natural and proximate result of wrongful act by defendant has involved plaintiff in litigation with other parties. *Paper Makers Importing Co. v. Milwaukee* (1958), 165 Fed. Supp. 491.

Appellant cites *Trimboli v. Kinkel* (1919), 226 N. Y. 147, 123 N. E. 205, as the authority for establishing that he suffered damages by the cost of litigation. That case is not in point because the plaintiff there was not able to recover the cost of litigation with another party, which lawsuit, in fact, arose as a result of the negligence of his attorney in the title examination. If appellant had incurred attorney's fees in discovering the actual status of the title to the tavern property upon learning that the defendant failed to inform him of the outstanding lien, such attorney's fees would have been considered reasonably incurred. *Trimboli, supra.* However, such expenses were not incurred by the plaintiff in the case here.

At the time of the sheriff's sale plaintiff knew of the judgment and tax liens and of their priority over the mortgage which he held. He also knew that his bid was subject to the judgment and tax liens. Consequently, when he paid $30,917 for the tavern he was aware that he was obligated, in addition to his bid, to pay $1,475.67 to satisfy the outstanding taxes and $3,568.15 to satisfy the Hilpertshauser judgment. Thus, by his bid he purchased the tavern, in effect, for $35,960.82, which was the amount the circuit court for Sheboygan county found as the fair market value of the property when it confirmed the sale. Plaintiff's bid of $30,917 sufficiently protected his mortgage interest. The payment of the judgment and tax liens did not cause him any actual damage for he had knowledge of them before submitting his bid and had the opportunity to adjust his bid

accordingly. Had plaintiff or a third party submitted a bid less than $30,000, the amount of the mortgage, and either eventually purchased the property, plaintiff would have then sustained actual damage because the bid would not have been sufficient for him to recover his mortgage interest. The potential damage would have ripened into actual damage. However, by the foreclosure sale in the present case plaintiff acquired property which by his own bid established a value of $35,960.82, adequate to satisfy all the liens, including that of the mortgage which plaintiff owns.

Plaintiff was under no obligation to bid at the foreclosure sale. If a third party had made the same bid as plaintiff it would be apparent, we think, that the third party would have voluntarily accepted the tavern property with the judgment and tax liens attached and for the remaining equity would have paid $30,917, sufficient to satisfy the mortgage. Since plaintiff made the offer the result is the same as if he were a stranger at the sale.

Therefore plaintiff cannot show that he sustained actual damages. Consequently, we agree with the trial court that even if defendant was found negligent or fraudulent in not informing the plaintiff of the Hilpertshauser judgment plaintiff could not maintain his causes of action against him, for plaintiff cannot show under the circumstances that he sustained any actual damage.

*By the Court.*—Judgment affirmed.

CURRIE, J., took no part.