GUSTAVSON, and others, Plaintiffs-Respondents, v. O'BRIEN, Defendant-Appellant.

Supreme Court

*No. 76–271. Argued January 8, 1979.—Decided January 30, 1979.*
(Also reported in 274 N.W.2d 627.)

194

For the appellant there were briefs by *Godfrey, Neshek, Worth, Howarth & Leibsle, S.C.*, of Elkhorn, and oral argument by *Thomas G. Godfrey*.

For the respondents there was a brief by *Thomas E. Greenwald* and *Graves, Greenwald, Maier & Miner* of Rockford, Illinois, and oral argument by *Thomas E. Greenwald*.

CONNOR T. HANSEN, J.   The respondents retained the appellant to perform the legal services incident to to the purchase of a restaurant and tavern business and to form a corporation for the operation of the business. The corporation, Vandor Inn, Inc., was formed. The respondents were the shareholders and they and the appellant were elected directors.

The sellers of the business refused to convey title to the real estate to the corporation. As a result, on January 26, 1970, the respondents, as individuals, entered into a land contract with the sellers. The respondents then instructed the appellant to assign the land contract from them, as individuals, to the newly formed corporation. This transfer was never effected and is the underlying basis for the litigation that followed and this appeal.

Gustavson, one of the respondents, was a real estate broker and casualty insurance agent and he insured the restaurant business in the name of the corporation with six separate insurers for a total amount of $45,000. In December, 1970, eleven months after the closing of the purchase of the business, the restaurant building was extensively damaged by fire. The respondents obtained repair estimates totalling $49,791.20, and the insurers obtained an estimate of $23,393.95. The

restaurant was not repaired and following an inspection and order by the Department of Industry, Labor & Human Relations, the village of Darien caused the building to be demolished.

The insurers denied coverage on the ground that the corporation, the named insured, lacked an insurable interest in the property. Therefore in December, 1971, the respondents commenced action against the six insurers on their respective contracts and against the appellant, alleging a cause of action founded on negligence. On motion of the appellant, the action against him was abated pending determination of the action against the insurers. After considerable negotiations and before the trial against the insurers actually commenced, the respondents settled their actions against the insurers for $33,000, and the respondents reserved their rights to proceed against the appellant.

Following the dismissal of the action against the insurers, the order abating the action against the appellant was vacated and the action proceeded to trial before a jury on April 27–28, 1976. The trial court submitted a special verdict and in doing so answered the question as to whether the appellant was negligent in the affirmative. The jury found the appellant causally negligent and awarded the respondents damages in the amounts of $12,000 for the fire loss, $4,250 for legal fees and $3,116 for interest paid on the land contract pending settlement of the action against the insurers.

We are of the opinion the case presents the following issues:

1. Whether it was necessary for the respondents to litigate the coverage issue to judgment before the jury could determine that appellant's negligence caused the respondents' damages?

2. Whether it was error for the tiral court to refuse to submit a question on contributory negligence to the jury?

The trial court determined that the appellant was negligent as a matter of law and this finding is not challenged on appeal.

On appeal, the appellant contends that a judicial determination of whether the respondents had an insurable interest in the property is essential to a determination of whether the damages sustained by the respondents are the causal result of the negligence of the appellant. In our view the issue resolves itself to whether the evidence was sufficient, in the absence of a judicial determination of insurable interest, to support a finding that the negligence of the appellant was a substantial factor in causing the damages sustained by the respondents.

The appellant argues he should have been given notice of the intention of the respondents to settle with the insurers. No authority is cited to support this proposition and we have found none. The respondents and the appellant were not joint contractors, neither were they joint tort-feasors. The respondents' action against the insurers was based upon their contracts, their action against the appellant was founded on negligence. We conclude the respondents were free to settle with their insurers without notifying the appellant of their intention to do so.

The appellant also argues that the settlement of the insurance claim precluded him from litigating the issue of insurable interest. Our attention has likewise not been directed to authority supporting this proposition. We again observe that the action against the appellant was abated on his own motion and over the objection of the respondents. The appellant elected not to participate in the action as it was originally commenced and we find nothing in the record to indicate he attempted to litigate the issue of insurable interest in the instant action.

This court set forth the rule on a lawyer's liability in *Malone v. Gerth,* 100 Wis. 166, 75 N.W. 972 (1898):

". . . 'an attorney must be held to undertake to use a reasonable degree of care and skill, and to possess to a reasonable extent the knowledge requisite to a proper performance of the duties of his profession, and, if injury results to the client as a proximate consequence of the lack of such knowledge or skill, or from the failure to exercise it, the client may recover damages to the extent of the injury sustained; . . .' " *Id.* at 173.

More recently the matter of lawyers' liability was considered in *General Acc. F. & L. Assur. Corp. v. Cosgrove,* 257 Wis. 25, 42 N.W.2d 155 (1950), and *Widemshek v. Fale,* 17 Wis.2d 337, 117 N.W.2d 275 (1962). However, both of these cases are readily distinguishable from the facts of the instant case.

*Cosgrove* involved a "suit within a suit" situation. In *Cosgrove* the lawyer's failure to settle the bill of exceptions resulted in the client losing his right to appeal. The court said the client would have to show that he would have been successful on appeal in order to prove that the lawyer's negligence had resulted in damage. Since loss of a right to appeal in itself has no value the court's conclusion was consistent with the law on negligence. An appeal has value only if it can be won.

In *Widemshek,* the lawyer failed to notify his client of a judgment against the parties with whom his client was about to enter into an exchange of properties. The exchange took place and the judgment became a lien on the property the client held a mortgage on. The court said:

"An attorney negligent in the performance of his duties to his client is liable for all the damages sustained

as a proximate result of his negligence. . . ." *Id.* at 339, 340,

then concluded that no damages were sustained since the client's mortgage interest had been satisfied in full.

In the case here under consideration, the respondents established specific damages. They proved that the building was ordered demolished and therefore was "wholly destroyed" under the valued policy law, sec. 203.21, Stats. 1973 (repealed by Laws of 1975, ch. 375, sec. 10, effective June 22, 1976), entitling them to the full policy limits of $45,000. They proved that the insurers denied coverage because of a lack of insurable interest and ultimately settled for $33,000 leaving a $12,000 loss. They proved that the reason the insurers were able to deny coverage was because appellant had failed to transfer title to the corporation as instructed. They proved that they had to bring suit against the insurers in order to obtain coverage, thus entitling them to lawyers' fees as an item of damages. They also proved that they had to continue to pay interest on the land contract from the time the property had been destroyed until the insurers settled and they were able to pay the vendor.

Respondents proved very specific damages which they would not have suffered if appellant had transferred the property as instructed. The causal connection between appellant's negligence and the denial of coverage is clear. Appellant's failure to follow his clients' instructions was a substantial factor in allowing the insurers to deny coverage.

Having negligently put the respondents in the position of having to engage in litigation to protect their rights, appellant is responsible for all damages proximately resulting. The question that remains is the amount of those damages. The precise factual situation presented

here has not been considered by this court. In *Widemshek* the client recovered his full mortgage interest through a foreclosure. In *Behnke v. Radtke,* 65 Wis.2d 403, 222 N.W.2d 686 (1974), where it was alleged the lawyer's negligence left the client uninsured as to property he sold on a land contract, the client recovered part of his loss in the vendees' chapter 128 proceeding. The client brought an action against the lawyer for the deficiency and for litigation costs but as the case was on appeal from an order overruling a demurrer this court was not called upon to consider the damage question.

The appellant contends that since the respondents did have an insurable interest in the property they were entitled to the full coverage of $45,000 from the insurers. He, therefore, concludes that the $12,000 deficiency resulted from their willingness to settle for less than the full amount of the coverage and such deficiency cannot be assessed against him. This argument ignores the fact that the insurers maintained to the end that there was no insurable interest and the trial court was of the opinion the position of the insurers was a strong one. The settlement was a bona fide attempt by the respondents to mitigate their damages and bring the litigation to an end. In a situation such as is here presented, clients should not be forced to litigate such issues to judgment. If such were the situation the lawyer could arguably contend the clients unreasonably prolonged the litigation, thereby increasing their legal expenses, and unreasonably refused a fair settlement offer which would have mitigated their damages. This would be particularly so if the judgment in the litigation was adverse to the client.

In this case the lawyer's negligence has forced the client to litigate an arguably meritorious issue and a fair settlement was reached, not hastily, but after extensive negotiations. Public policy alone should not

preclude the client from proceeding against the lawyer for any deficiency that can be definitely established.

As applied to the facts of this case, the law on insurable interest is not clearly established.

Appellant contends that sec. 203.13(2), Stats. 1973 (now sec. 631.08(2)) resolves any problem with regard to the named insured:

"203.13 **Notice to agent, notice to company; beneficiary misnamed, immaterial when.** (1) . . .

"(2) Error or mistake in designating the person to whom the insurance is payable in a policy of fire insurance shall not void the policy notwithstanding its terms, unless it shall be found as a fact that such error or mistake was due to fraud, misrepresentation or concealment on the part of the owner of the property, or the person representing him, in procuring the issue of the policy, or that the company would not have issued or continued the policy if it had known the facts."

This statute has not been construed in relation to a factual situation such as this. In this case, between the insured and the insurer there was no mistake or error. The insured had not mistakenly or unintentionally submitted the wrong name as the insured. No fraud, misrepresentation nor concealment is alleged. The error or mistake was the negligent act of the lawyer in not making the transfer of the land contract as instructed. It is obvious the insurers were of the opinion they were possibly subject to some exposure, otherwise they would not have effected a substantial settlement.

■

Our examination of the case leads us to the conclusion that issues relating to insurable interests are, to a significant extent, determined by the facts of each particular case.[1]

---

[1] *See: Stebane Nash Co. v. Campbellsport Mut. Ins. Co.,* 27 Wis. 2d 112, 133 N.W.2d 737 (1965); *Madgett v. Monroe County Mut. Tornado Ins. Co.,* 46 Wis.2d 708, 176 N.W.2d 314 (1970), cases in

The factual situation presented by this case is such that issue of insurable interest could well have litigated to the extent of an appeal to this court. In such a case a reasonable settlement made in good faith and after commencing litigation and extended negotiations, cannot be construed as a waiver of the client's rights and the negligent lawyer. Whether or not the respondents would have ultimately been able to establish coverage is not in issue here. The question is whether appellant's negligence forced the respondents to engage in litigation they otherwise would not have had to engage in.

The Virginia Supreme Court has considered a similar case. In *Hiss v. Friedberg*, 201 Va. 572, 112 S.E.2d 871 (1960), the client-purchaser brought an action against the sellers for breach of warranty and against his lawyer for malpractice. The client settled with the sellers for a $40,000 reduction in price, but continued the action against the buyer. The Virginia court concluded that the client's willingness to settle for $40,000 did not necessarily establish the amount of his loss. The court said the client could seek the full cost of the litigation which resulted from the lawyer's negligence.

In the instant case the legal expenses incurred in the suit against the insurers, the land contract interest which had to be paid pending the outcome of that suit and the amount of the fire loss which was not compensated as a result of that suit are all losses attributable to appellant's omission. They were appropriately assessed against him.

Appellant also contends that he is entitled to a new trial because the trial court refused to submit a special

which it was held there was no insurable interest; and *Ben-Hur Mfg. Co. v. Firemen's Ins. Co.*, 18 Wis.2d 259, 262 118 N.W.2d 159 (1962); *Tischendorf v. Lynn Mut. Fire Ins. Co.*, 190 Wis. 33, 208 N.W. 917 (1926), cases in which it was held there was an insurable interest.

verdict question on contributory negligence and would not allow him to amend his answer during trial to allege contributory negligence.

■

The contributory negligence of a client can be a defense in a legal malpractice action. *See, e.g.,* Annotation, 45 A.L.R.2d 5, 17, 18 (1956).

■

However, contributory negligence is an affirmative defense which is waived if it is not pleaded. *Musil v. Barron Electrical Co-operative,* 13 Wis.2d 342, 359, 108 N.W.2d 652 (1961); *Kennedy-Ingalls Corp. v. Meissner,* 11 Wis.2d 371, 387, 105 N.W.2d 748 (1960). This requirement has since been codified in sec. 802.02 (3), Stats.

■

A defendant who fails to allege contributory negligence can, in some circumstances, correct this omission by amending his answer. Sec. 269.44, Stats., 1973 (now replaced with sec. 802.09), provided:

"269.44 **Amendments of processes, pleadings and proceedings.** The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, notwithstanding it may change the action from one at law to one in equity, or from one on contract to one in tort, or vice versa; provided, the amended pleading states a cause of action arising out of the contract, transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

In *Heritage Mut. Ins. Co. v. Thoma,* 45 Wis.2d 580, 584, 173 N.W.2d 717 (1970), this court said sec. 269.44 was to be liberally construed to permit the presentation of the entire controversy providing such amendment did not unfairly deprive the opposing party of an opportunity to meet the new issue. This rule has since been codified in sec. 802.09 (2).

Allowing a party to amend his pleadings is within the trial court's discretion *McCraw v. Witynski,* 43 Wis.2d 313, 320, 168 N.W.2d 537 (1969) ; *Vande Hei v. Vande Hei,* 40 Wis.2d 57, 66, 161 N.W.2d 379 (1968). The rule was stated in *Wipfli v. Martin,* 34 Wis.2d 169, 173–175, 148 N.W.2d 674 (1967) :

" ' "It is well settled that when a trial court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed except for a clear abuse of judicial power." '

"   . . .

"Conversely, . . . where the trial court refused to allow the amendment, it is stated:

" 'When it appears that an omission in any proceeding is material, or that proceedings taken by a party so fail to conform to provisions of law as to be fatal to rights which might otherwise be protected, and that such omission or failure is through mistake, inadvertence, surprise, or excusable neglect, it is abuse of discretion to refuse to supply such omission and permit amendment of the proceedings so as to remove the technical obstacles to a litigation of the merits of the controversy.'

"   . . .

"Lack of timeliness of the motion in this case depends upon the prejudice or unfairness to the defendant in being required to go to trial the next day. If, in fact, the amendment would have confronted Fidelity with a new issue of which it was unaware or upon which it was unprepared, the trial court could have denied the motion to amend, as it did here, or grant the motion and a continuance for such time as reasonably necessary to investigate and defend the issue."

Similarly, the decision of what questions to submit to the jury is also within the trial court's discretion:

". . . We begin with the fact that the form of the verdict rests in the sound discretion of the trial court, not

to be interfered with so long as the issues of fact in the case are covered by appropriate questions. While issues raised by the pleadings are to be considered in drafting the form of verdict, the trial court is to eliminate from the issues thus raised those that are determined by evidence on the trial by admissions, uncontradicted proof or by failure of proof. It is those issues that remain after this process of elimination that are to go to the jury. . . ." *Dahl v. K-Mart,* 46 Wis.2d 605, 609, 176 N.W.2d 342 (1970).

Sec. 263.28, Stats. (replaced with sec. 802.09(2)) permitted a court to allow the introduction of proof at variance with the pleadings. In *Sprecher v. Weston's Bar, Inc.,* 78 Wis.2d 26, 253 N.W.2d 493 (1977), the defendant did not plead failure to mitigate damages and never moved to amend his answer to include it. The trial court allowed the defendant to present proof on the issue subject to the plaintiff's objection. The plaintiff's counsel expressed no surprise about the issue and cross-examined on it. This court held that the trial court would be deemed to have amended the answer on its own motion.

In the instant case when the appellant attempted to introduce evidence during trial regarding Gustavson's contributory negligence based on the fact that as a real estate broker he should have known he would have had to sign a transfer of title to the corporation and he knew he had not done so yet never checked with appellant about it, respondents' counsel objected. Respondents' counsel also claimed surprise and lack of preparation on the issue when appellant moved to amend his answer and requested a special verdict question on contributory negligence.

This action was commenced in 1971. In 1974, the insurers settled the contract action against them and the respondents' tort action against appellant which had

been abated was ordered to proceed. The trial was held in 1976. The appellant raised the issues of contributory negligence for the first time during trial. Under these circumstances it was not an abuse of discretion for the trial court to refuse to grant the motion of the appellant or permit the jury to consider the issue of contributory negligence.

It is true that *Connar v. West Shore Equipment,* 68 Wis.2d 42, 227 N.W.2d 660 (1975), sets forth the rule that the jury apportionment must include the negligence of all the parties to the transaction. This rule has often been applied, but never in a situation where contributory negligence has not been properly placed in issue. *See, e.g., Payne v. Bilco Co.,* 54 Wis.2d 424, 195 N.W.2d 641 (1972); *Pierringer v. Hoger,* 21 Wis.2d 182, 124 N.W.2d 106 (1963). In *Pierringer* the court stated at pages 191, 192:

". . . [S]uch percentage of negligence can only be determined by a proper allocation of all causal negligence, if any, of all the joint tort-feasors and of the plaintiff if contributory negligence is involved."

However, contributory negligence was not involved there and because of appellant's failure to plead it it was not involved in the instant case. Furthermore, as we have previously stated, the appellant and the respondents are neither joint contractors nor joint tort-feasors.

The respondent sought damages in the amount of $12,000, representing the difference between the insurance coverage of $45,000 and the settlement figure of $33,000; total attorneys' fees expense of $8,502; and interest paid on the land contract from the date of the loss to the date of settlement in the amount of $6,232. The trial court submitted a damage question on each of the three items and the jury responded by assessing damages in the amount of $12,000, $4,250 and $3,116,

respectively. In regard to the item of attorneys' fees and interest payments, the jurors gratuitously noted on their verdict that both parties involved were 50 percent negligent.

Contributory negligence was not an issue in the case; the respondent presented no rebuttal evidence on it and as such the jury had no right to consider it. The trial court correctly struck the language from the verdict as surplusage and entered judgment on the verdict. In approving the verdict the trial court found that a portion of the legal fees incurred by the respondents were attributable to legal work performed with regard to the insurers' attempts to limit their damages. Similarly the trial court reasoned that some of the delay in settlement could be attributed to the insurers attempt to limit damages, thereby resulting in increased payments of interest on the land contract. Thus the trial court concluded the jury's award of damages for legal fees and interest paid in an amount equal to 50 percent of the amount claimed was supported by the evidence.

The rule is that where the trial court is satisfied that the verdict is supported by the evidence, and the evidence viewed most favorably to the verdict does support it, this court should not change the verdict. *Kobelinski v. Milwaukee & S. Transport Corp.*, 56 Wis.2d 504, 525, 202 N.W.2d 415 (1972).

In their brief, the respondents "suggest" that if this court does anything with the verdict it change the award of damages for legal fees and interest to increase the awards to the full amount claimed. However, in oral argument they elected to stand on the verdict. This court has many times held that a plaintiff may accept judgment when supported by a verdict in which the inconsistencies or error are resolved against him. *Johnson v. Heintz,*

73 Wis.2d 286, 308, 243 N.W.2d 815 (1976); *Krueger v. Winters*, 37 Wis.2d 204, 212, 155 N.W.2d 1 (1967); *Theby v. Wisconsin Power & Light Co.*, 197 Wis. 601, 613, 614, 222 N.W. 826, 223 N.W. 791 (1929).

We conclude that the judgment should be affirmed.

*By the Court.*—Judgment affirmed.