Sᴏᴍᴇʀs USA, LLC, Plaintiff-Respondent,

v.

Sᴛᴀᴛᴇ of Wisconsin Dᴇᴘᴀʀᴛᴍᴇɴᴛ ᴏꜰ Tʀᴀɴsᴘᴏʀᴛᴀᴛɪᴏɴ,
Defendant-Appellant.

Court of Appeals

*No. 2014AP1092. Submitted on briefs February 16, 2015.
—Decided March 25, 2015.*

2015 WI App 33

(Also reported in 864 N.W.2d 114.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Abigail C.S. Potts*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Benjamin Southwick* of *Benjamin Southwick Law Office*, Richland Center.

Before Brown, C.J., Neubauer, P.J, and Reilly, J.

¶ 1. REILLY, J.   The United States and Wisconsin Constitutions prohibit a governmental body from taking private property for public use without the payment of just compensation. In this case, the State attempts to violate these constitutional prohibitions by seizing upon a scrivener's error made by Somers USA, LLC, that marked certain property on a certified survey map as a "dedication" rather than a "reservation" for a state highway project. The difference in terminology is significant in the context of condemnation and eminent domain law:   a dedication requires a landowner's donative intent to convey an interest in land for public use, whereas a reservation does not involve a conveyance but restricts use of the land for the purpose stated in the reservation. *See Hoepker v. City of Madison Plan Comm'n*, 209 Wis. 2d 633, 649 n.18, 563 N.W.2d 145 (1997).

¶ 2.   The State essentially argues that when a property owner mistakenly inserts the word "dedication" on a certified survey map rather than the in-

tended word "reservation," the State is free to take that property without payment of any compensation to the property owner. We disagree. Setting aside that the "dedication" in this case is invalid as a matter of law, a governmental body cannot rely upon a known, material mistake as a basis upon which to take private property without paying just compensation.

## BACKGROUND

¶ 3. Somers purchased 46.646 acres of land abutting Interstate-94 in November 2007 for the construction of a truck stop. At the time of the purchase, the State was planning a highway improvement project for which it planned to take 9.464 acres of Somers' land for a frontage road and 2.996 acres for an on-ramp. Somers hired Excel Engineering, Inc., to perform engineering work related to the truck stop, including preparing and getting necessary approvals for a certified survey map (CSM).

¶ 4. An initial draft of the CSM prepared by Excel reserved both the 9.464—acre and the 2.996—acre parcels as "Future Wisconsin D.O.T. Right-of-Way." Excel continued to refine the land configurations for the highway project on the CSM based upon communication with the State. The Kenosha County Land Use Committee[1] approved the CSM with several conditions, none of which included dedicating any part of the property for public use.

¶ 5. In September 2008, Somers recorded a CSM for the property with the Kenosha County Register of Deeds. This version of the CSM designated the 2.996 —acre parcel as "a road reservation for potential

---

[1] The committee has since changed its name. The name change is not relevant to this appeal.

future state highway purposes" and the 9.464—acre parcel as "Road Dedication for Future Highway Purposes (Right-of-Way Width Varies)." All parties agree that Somers never intended to dedicate land for the highway project and that none of the governmental bodies involved had required or asked for a dedication. Individuals involved with drafting and signing the CSM averred that they do not know how the "dedication" language wound up in the document.

¶ 6.  The State thereafter built a frontage road and on-ramp on the two parcels without compensating Somers, relying on the "reservation" and "dedication" language in the CSM to give it a right to the property without any requirement to pay Somers for the land taken. Somers filed this action, seeking just compensation.

¶ 7.  The case followed a winding path through the circuit court, during which both the Town of Somers and Kenosha County were joined as parties only to later be dismissed. At the hearing where the County was dismissed, counsel for the State represented, "If we built erroneously because there was a defective dedication, then we owe" Somers. The court dismissed Kenosha County based on its finding that there had been no dedication of the land at issue and the State's representation that it would not have a claim against the County based on a defective dedication.

¶ 8.  At a later hearing on Somers' inverse condemnation claim against the State,[2] the State conceded that the reservation on the CSM did not convey title to the 2.996–acre "reservation" and that it owed

---

[2] The parties differ over whether this was a hearing on Somers' motion for summary judgment or whether this was a "trial that turned into oral argument and an oral ruling." The

just compensation for the taking of that property. The State also conceded that the "dedication" designation of the 9.464—error" and Somers "didn't want [a conveyance of title] to actually happen" but that the State was entitled to rely on the CSM to occupy the land without paying for it. Following a discussion with the court that apparently led the State to believe that the court would not rule in its favor, the State announced that it would forgo a hearing so the parties could proceed to litigate the amount of compensation owed to Somers. The court subsequently found that the State had taken both parcels without having the right to do so as it had not paid compensation for the taking. *See* Wis. Stat. § 32.10 (2013–14).[3] The court ordered dismissal of the case upon a stipulation by the parties requiring the State to pay Somers $500,000 plus attorney fees, costs, and interest. The State appeals.

## DISCUSSION

¶ 9.   Both the Fifth Amendment to the United States Constitution and article I, section 13 of the Wisconsin Constitution prohibit the taking of private property for public use without compensation. These prohibitions do not ban the State from taking private property, "but instead place a condition on the exercise of that power . . . to secure compensation" for the taking. *Brenner v. New Richmond Reg'l Airport Comm'n*, 2012 WI 98, ¶ 87, 343 Wis. 2d 320, 816

nature of this proceeding does not affect our review as the court's order was based on its application of the law to the undisputed facts in the record.

[3] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

N.W.2d 291 (citation and emphasis omitted). "Whether government conduct constitutes a taking of private property without just compensation is a question of law that [we] review[] de novo." *Id.*, ¶ 35. We also apply de novo review to the interpretation of statutes. *Id.*

■

¶ 10. The State argues that it is entitled to occupy the 9.464—acre parcel without compensating Somers as that land was dedicated through its designation on the CSM as "Road Dedication." In other words, the State is arguing that Somers' interest in the property was conveyed when the CSM was recorded with the Kenosha County Register of Deeds and the State now owns that land in fee simple. The State points to Wis. Stat. § 236.29(1) to support its argument that a recorded dedication is sufficient to convey interest in land for public use. Section 236.29(1) provides that "[w]hen any plat is certified, signed, acknowledged and recorded as prescribed in this chapter, every donation or grant to the public . . . marked or noted as such on said plat shall be deemed a sufficient conveyance to vest the fee simple of all parcels of land so marked or noted."[4]

■■

¶ 11. The major fault in the State's argument is that statutory dedication requires compliance with statutory procedure. *See Vande Zande v. Town of*

---

[4] The State supports its argument by quoting from *Town of Sun Prairie v. Storms*, No. 1981AP912, unpublished slip op. (WI App Feb. 9, 1982). Not only is this case inapt, the State's reliance on it is inappropriate under our rules of appellate procedure as it is an unpublished opinion issued prior to July 1, 2009. *See* Wis. Stat. Rule 809.23(3)(a).

*Marquette*, 2008 WI App 144, ¶ 8, 314 Wis. 2d 143, 758 N.W.2d 187. For the State to rely on WIS. STAT. § 236.29(1) to convey Somers' property via the CSM, the property first has to be properly dedicated in accordance with WIS. STAT. § 236.34(1m)(e). Under that statute,

> [a] certified survey map may be used for dedication of streets and other public areas . . . when owners' certificates and mortgagees' certificates which are in substantially the same form as required by [WIS. STAT. §] 236.21(2)(a) have been executed and the city council or village or town board involved have approved such dedication or grant. Approval and recording of such certified surveys shall have the force and effect provided by [§] 236.29.

Sec. 236.34(1m)(e). No governmental board involved in Somers' development approved any road dedication or land grant for inclusion in the CSM. Therefore, the CSM lacked the force and effect required to convey the property to the State. Furthermore, "[i]ntent to dedicate to the public is an essential component of either [common law or statutory] dedication," *Vande Zande*, 314 Wis. 2d 143, ¶ 8, and it is undisputed that Somers never intended to dedicate the property for public use, *cf. Cohn v. Town of Randall*, 2001 WI App 176, ¶ 7, 247 Wis. 2d 118, 633 N.W.2d 674.

■

¶ 12. Undeterred by the evidence that no dedication was ever intended or approved, the State proffers the absurd argument that it can still take Somers' property without compensation as it was entitled to rely on an invalid dedication in a CSM. As the circuit court noted, the State's current position contradicts its earlier statement at the hearing where Kenosha County was dismissed from the case: "If we built

erroneously because there was a defective dedication, then we owe" Somers. The State argues that Somers should be equitably estopped from seeking compensation for the State's taking because Somers signed the CSM with the erroneous dedication and also argues that the State should not be estopped from changing its position based upon its own change in counsel. The State fails to establish, however, that it is entitled to assert equitable estoppel against Somers.

¶ 13. To support a claim for equitable estoppel against Somers, the State must show that some action or inaction by Somers has induced reasonable reliance by the State to its detriment. *See State ex rel. Greer v. Wiedenhoeft*, 2014 WI 19, ¶ 80, 353 Wis. 2d 307, 845 N.W.2d 373. "Proof of estoppel must be clear, satisfactory and convincing and is not to rest on mere inference and conjecture." *Gonzalez v. Teskey*, 160 Wis. 2d 1, 13, 465 N.W.2d 525 (Ct. App. 1990). We review independently the application of the doctrine of equitable estoppel to the undisputed facts of this case. *Nugent v. Slaght*, 2001 WI App 282, ¶ 29, 249 Wis. 2d 220, 638 N.W.2d 594. Whether estoppel is actually applied is a discretionary decision of the circuit court. *Id.*, ¶ 35.

¶ 14. The State falls short of providing the "clear, satisfactory and convincing" proof necessary to establish a claim for equitable estoppel. *Gonzalez*, 160 Wis. 2d at 13. The State does not explain why its reliance on the CSM was reasonable when questions were raised about the validity of the dedication and all evidence showed a lack of intent and a failure to comply with the statutory requirements necessary for a dedication. The State also does not develop an argument on appeal explaining what detriment it

816

suffered due to its reliance on the CSM. Before the circuit court, the State argued that the possibility of paying "litigation expenses" in this action was the detriment that it suffered. These litigation expenses, however, are the fault of the State for continuing to defend its position against a concededly defective dedication.

¶ 15. Furthermore, the State's entire equitable estoppel argument ignores that it unlawfully proceeded in the same manner against the 2.996—acre parcel where nothing in the CSM could have induced the State to believe that it could take the property without providing compensation. *See Hoepker*, 209 Wis. 2d at 649–50 & n.18 (contrasting a dedication, which conveys the landowner's interest in the land, with a reservation, which involves no conveyance and requires compensation from the government). The State does not explain how Somers' action in erroneously designating the 9.464—acre parcel as "Road Dedication" induced the State to occupy the property without compensating Somers when the State also occupied the 2.996—acre parcel correctly designated as "a road reservation" without compensating Somers. The State's equitable estoppel claim fails.

## CONCLUSION

¶ 16. As there was no legally valid dedication, the CSM did not convey Somers' property to the State. Accordingly, the court properly determined that the State owes compensation for taking Somers' land.[5] The

---

[5] The parties' stipulation and order provides that the State will pay $500,000 in damages to Somers plus nonattorney litigation expenses as of March 2014, statutory interest on the $500,000, and 38% of $500,000 plus statutory interest in

State has not shown that it suffered detriment or that it was induced to reasonably rely on the CSM so as to deny compensation to Somers.

*By the Court.*—Order affirmed.

---

attorney fees "if the litigation is concluded without a decision by the Supreme Court of Wisconsin." We read this 38% provision as covering the attorney fees for an appeal to this court.