SHERMAN, J.
¶1 Ray C. Feldman, Carrie Donahue, Robert L. Donahue, Emma McClintock, Richard Feldmann and Rhea Dugan (collectively, the Shareholders) appeal from an order dismissing on cross-motions for summary judgment all of their claims against Fred G.J. Farris, Farris's business, CliftonLarsonAllen, LLP, and its insurer, Underwriters at Lloyds of London (collectively the Farris defendants) on the basis that the claims are time-barred under WIS. STAT. § 893.66 (2015-16).[1] For the reasons discussed below, we affirm.
BACKGROUND
¶2 The Shareholders owned stock in Woodside Ranch Resort, Inc. Fred Farris is a certified public accountant. In the spring of 2002, the Shareholders retained Farris to provide advice concerning the tax consequences of an upcoming sale of the assets and stock of Woodside. In June of 2002, Farris facilitated contact between the Shareholders and Midcoast Investments, Inc. regarding Midcoast's possible purchase of the Shareholders' stock in Woodside and other assets. Midcoast proposed that it would purchase the Woodside stock and, as part of the transaction, would take responsibility for Woodside's tax obligation and would continue to operate Woodside's business as a part of its "asset recovery business." Farris advised the Shareholders that they would not be at risk for "transferee" tax liability under the proposed deal. After considering Farris's advice, as well as that of their attorney, Thomas C. Groeneweg, the Shareholders agreed to the deal, which closed on July 18, 2002. Fred Farris and his firm, CliftonLarsonAllen, LLP, received a finder's fee of $25,000 from Midcoast.
¶3 After the sale, Midcoast did not pay the federal tax owed, and its attempt to offset the tax was disallowed by the IRS. On September 15, 2008, the Shareholders were each sent a notice of transferee liability for unpaid federal taxes, penalties, and interest. The amount owed, in aggregate, exceeded $1,000,000. On December 27, 2011, the United States Tax Court determined that the Shareholders were liable as transferees for the full amount of unpaid taxes, penalties, and interest, in proportion to their respective ownership of Woodside at the time the assets were sold. The Tax Court's decision was affirmed by the Seventh Circuit Court of Appeals.
¶4 The Shareholders sued the Farris defendants for negligence and breach of fiduciary duty.[2] In their original answer, the Farris defendants plead a number of affirmative defenses, "some or all of which will be the subject of further investigation and discovery and are being pleaded at this time to avoid any later claim of legal waiver." Among the affirmative defenses pleaded was "[s]ome or all of [the Shareholders'] purported claims are barred by the applicable statute of limitations." No particular statute of limitations was referenced.
¶5 The circuit court held a scheduling conference and issued a scheduling order which set June 1, 2016, as the deadline to amend pleadings. The Shareholders filed an amended complaint on June 1, 2016, alleging the same two causes of action against the Farris defendants that they had asserted in their original complaint. The Farris defendants' answer, filed on July 5, 2016, again asserted the affirmative defense of statute of limitations, in identical language to that used in the original answer.
¶6 On September 2, 2016, the Farris defendants moved the circuit court to amend their answer to assert as an additional affirmative defense that the Shareholders' claims are barred by WIS. STAT. § 893.66, referred to in the motion as "the statute of repose." In the memorandum supporting the motion, the Farris defendants asserted that "[o]ut of an abundance of caution, [the Farris defendants] bring this motion to make clear that their time-bar defense is based upon WIS. STAT. § 893.66, as well as the general statute of limitations applicable to [the Shareholders'] claims." In response, the Shareholders asserted that the defense was a separate and distinct defense that is not subsumed in the statute of limitations defense previously pleaded and that, by not raising the defense in two previous answers, the Farris defendants waived the defense.
¶7 The circuit court granted the Farris defendants' motion to amend the answer to plead WIS. STAT. § 893.66 as an affirmative defense, finding that the Farris defendants had met the applicable standard for amending the answer. The Farris defendants then amended their answer to include the following additional affirmative defense: "[s]ome or all of [the Shareholders'] purported claims are barred by the applicable statute of repose found in § 893.66."
¶8 The Farris defendants moved for summary judgment. The Farris defendants asserted, as pertinent to this appeal, that there are no disputed material facts and that WIS. STAT. § 893.66 bars all of the Shareholders' claims. The circuit court granted the Farris defendants' motion and dismissed all of the Shareholders' claims as barred by § 893.66. The Shareholders appeal.
DISCUSSION
¶9 The Shareholders raise five issues, which group logically into two groups. The first two issues attack the circuit court's decision granting the Farris defendants leave to amend the answer after the scheduling deadline. The Shareholders first assert that the Farris defendants waived the WIS. STAT. § 893.66 defense when the Farris defendants failed to raise that defense in the initial answers to the complaint and the amended complaint. The Shareholders then assert that the circuit court erroneously exercised its discretion when it granted leave to amend the answer. The final three issues all assert that issues of material fact preclude summary judgment. We will address each issue separately.
A. Amendment of the Farris Defendants' Answer to Assert the Affirmative Defense of WIS. STAT. § 893.66, "the Statute of Repose."
WIS. STAT. 1. The Farris Defendants Did Not Waive the § 893.66 Defense.
¶10 The Shareholders assert that the circuit court erred by permitting the Farris defendants to amend the answer to the amended complaint to assert as an affirmative defense that the Shareholders' claims are time-barred under WIS. STAT. § 893.66. They argue that by failing to raise the time limitation in § 893.66 as an affirmative defense in the Farris defendants' answer to the complaint and answer to the Shareholders' amended complaint, the Farris defendants waived that defense.
¶11 A circuit court's decision to grant leave to amend is discretionary. Finley v. Culligan , 201 Wis. 2d 611, 626, 548 N.W.2d 854 (Ct. App. 1996). A court has properly exercised its discretion when it has " 'examined the relevant facts, applied a proper legal standard, and, using a demonstrated rational process, reached a reasonable conclusion.' " Hess v. Fernandez , 2005 WI 19, ¶ 12, 278 Wis. 2d 283, 692 N.W.2d 655 (quoted source omitted).
¶12 There can be no doubt that affirmative defenses must be specifically pleaded or raised by motion.[3] See WIS. STAT. §§ 802.02(3) and 802.06. See also Hartford Fire Ins. Co. v. Osborn Plumbing & Heating, Inc. , 66 Wis. 2d 454, 468, 225 N.W.2d 628 (1975). There also can be no doubt that an affirmative defense not pleaded, nor raised by motion, is waived. See § 802.06(8). See also Hartford Fire , 66 Wis. 2d at 468.
¶13 WISCONSIN STAT. § 802.02(3) sets forth an extensive, though not exclusive, list of those defenses that must be affirmatively pleaded. Among those defenses that must be affirmatively pleaded is the statute of limitations. See § 802.02(3). Notably absent from the list set forth in § 802.02(3) is the defense of statute of repose. In fact, the term "statute of repose" does not appear anywhere in the statutes. See Wenke v. Gehl Co. , 2004 WI 103, ¶ 50, 274 Wis. 2d 220, 682 N.W.2d 405 (" '[S]tatute of repose' [is] a judicial description of a certain type of limitation period that operates differently from an ordinary statute of limitation.").
¶14 The statute at issue here, WIS. STAT. § 893.66, is referred to by the parties as a "statute of repose."[4] Section 893.66 is a part of WIS. STAT. ch. 893, which is entitled "Limitations of Commencement Actions and Proceedings ..." and § 893.66 is itself entitled "Certified public accountants; limitations of actions." There is no reference to the phrase "statute of repose." One approach to the waiver question is to consider whether the answer's reference to a "statute of limitations" defense encompasses § 893.66, even though case law characterizes that statute as a statute of repose. See, e.g., Landis v. Physicians Ins. Co. of Wisc., Inc. , 2001 WI 86, ¶ 61 n.14, 245 Wis. 2d 1, 628 N.W.2d 893. As we now explain, we conclude that the term "statute of limitations" does encompass § 893.66.
¶15 The Farris defendants' answer alleged the following: "[s]ome or all of [the Shareholders'] purported claims are barred by the applicable statute of limitations." As also noted above, the Farris defendants did not specify the particular statute of limitations they claimed barred the Shareholders' claims.[5] Based on its placement within the statutes in the chapter for statutes of limitations, and its specific title, WIS. STAT. § 893.66 appears to be a statute of limitations. While the statute plainly operates as what the courts call a statute of repose, it also plainly operates as a statute that imposes a limitation on time. See Landis , 245 Wis. 2d 1, ¶ 61 n.14. Accordingly, while § 893.66 is a particular type of statute of limitation, it is still a statute of limitation and, therefore, the answer sufficiently plead § 893.66 as an affirmative defense.
¶16 Furthermore, even assuming without deciding that asserting in the answer that the Shareholders' claims are barred by the "statute of limitations" was not sufficient to plead WIS. STAT. § 893.66 as an affirmative defense, such a conclusion does not end the matter because it does not take into account the circuit court's authority to allow an amendment to the answer or to entertain the defense if raised by motion. Indeed, one of the cases which the Shareholders cite in support of their argument, Gustavson v. O'Brien, 87 Wis. 2d 193, 274 N.W.2d 627 (1979), provides that the defense can be saved if the circuit court allows the defendant to amend the answer. In that case, our supreme court explains:
A defendant who fails to allege contributory negligence can, in some circumstances, correct this omission by amending his [or her] answer....
Allowing a party to amend his pleadings is within the [circuit] court's discretion....
" ' "It is well settled that when a [circuit] court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed except for a clear abuse of judicial power." '["]
Id. at 204-05 (quoted source and internal citations omitted).
WIS. STAT. 2. The Circuit Court Did Not Erroneously Exercise its Discretion By Permitting Amendment of the Answer to Add § 893.66 as a Defense .
¶17 The Shareholders argue that the circuit court erroneously exercised its discretion by granting the Farris defendants' motion for leave to amend because the motion did not meet the legal standard "when justice so requires." As we explain, we conclude that the Shareholders fail to show that the court erroneously exercised its discretion in applying the "when justice so requires" standard to the facts before it.
¶18 A circuit court's decision to grant a motion to amend a pleading is an exercise of discretion. See Hess , 278 Wis. 2d 283, ¶ 12. We will affirm the court's exercise of discretion when that court has " 'examined the relevant facts, applied a proper legal standard, and, using a demonstrated rational process, reached a reasonable conclusion.' " Id . (quoted source omitted).
¶19 WISCONSIN STAT. § 802.09(1) provides that:
A party may amend the party's pleading once as a matter of course at any time within 6 months after the summons and complaint are filed or within the time set in a scheduling order under [ WIS. STAT. §] 802.10. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires.
¶20 The Shareholders argue that the circuit court should have weighed the facts of record differently so as to find that they were "unquestionably prejudiced by the late assertion of the defense." However, our task on appeal, as we have said above, is not to weigh the facts but to consider whether the record supports the circuit court's exercise of discretion. The Shareholders rely heavily on Hess to assert that this requires the complex balancing test described in Hess . However, their reliance is misplaced. Hess addresses amendment of the pleadings after completion of the trial in order to conform the pleadings to the evidence. See Hess , 278 Wis. 2d 283, ¶ 9. In contrast, the amendment of the pleadings at issue here is an amendment prior to trial. The Shareholders have provided neither argument nor authority for the proposition that amendment of the pleadings before trial presents the same considerations as amendment of the pleadings after completion of the trial.
¶21 In Carl v. Spickler Enterprises, Ltd. , 165 Wis. 2d 611, 623, 478 N.W.2d 48 (Ct. App. 1991), this court stated that "[w]hether 'justice so requires' depends upon 'whether the party opposing amendment has been given such notice of the operative facts which form the basis for the claim as to enable him [or her] to prepare a defense or response.' " (Quoted source omitted). The "justice so requires" standard was applied by the supreme court in Gustavson :
" ' "It is well settled that when a [circuit] court keeps within the limitations imposed by the statute as to allowing amendments, the power is very broad, resting in sound discretion, and the decision will not be disturbed except for a clear abuse of judicial power." '
"....
"Conversely, ... where the trial court refused to allow the amendment, it is stated:
" 'When it appears that an omission in any proceeding is material, or that proceedings taken by a party so fail to conform to provisions of law as to be fatal to rights which might otherwise be protected, and that such omission or failure is through mistake, inadvertence, surprise, or excusable neglect, it is abuse of discretion to refuse to supply such omission and permit amendment of the proceedings so as to remove the technical obstacles to a litigation of the merits of the controversy.'
"....
"Lack of timeliness of the motion in this case depends upon the prejudice or unfairness to the defendant in being required to go to trial the next day. If, in fact, the amendment would have confronted Fidelity with a new issue of which it was unaware or upon which it was unprepared, the trial court could have denied the motion to amend, as it did here, or grant the motion and a continuance for such time as reasonably necessary to investigate and defend the issue."
Gustavson , 87 Wis. 2d at 205.
¶22 These cases teach that the issue in deciding whether a circuit court should exercise its "very broad" power to allow a late-in-the-game amendment to a pleading is whether permitting the amendment deprives the opposing party of the ability to defend against whatever claim or defense is added. Typically, this question turns on whether the opposing party is aware of the factual issues involved and whether he or she is able to marshal whatever evidence might be available to defeat the claim or defense. Moreover, even when allowing an amendment might be unfair if a trial proceeds on schedule, a circuit court may permit an amendment if it also provides a continuance sufficient to allow the opposing party to prepare.
¶23 The circuit court summarized the facts as follows:
In this case, [the Shareholders] have been given such notice of the operative facts which form the basis for the claim as to enable them to prepare a defense. First, [the Shareholders] were aware of the operative facts surrounding the statute of repose defense, and were even aware of the statute itself. The record demonstrates that Plaintiff Feldman was aware of WIS. STAT. § 893.66(1) and inquired as to its applicability well before filing this lawsuit.... This demonstrates that [the Shareholders] not only had notice of the facts underlying the statute of repose defense, but knew of its possible applicability to their claims.
¶24 In concluding that amendment of the answer was appropriate, the circuit court reasoned:
[A]s [the Shareholders'] brief in opposition to the motion to amend amply demonstrates, they are able to prepare a response to the affirmative defense presented and have provided a thorough preview of what that response will be. [The Shareholders] devote a significant portion of their brief to argument on the merits of the statute of repose defense. While the merits of the defense are not currently before the Court, this argument illuminates that [the Shareholders] are clearly able to present a response to the statute of repose defense. On the motion to amend, this is the relevant consideration. For these reasons, the presumption in favor of amendment is not overcome, and the motion to amend must be granted.
¶25 As further support for the notion that this is a reasonable result, we explain below that the amended complaint filed by the Shareholders sets forth the entire factual basis for the bar imposed by WIS. STAT. § 893.66. See Thomas v. Kells , 53 Wis. 2d 141, 145, 191 N.W.2d 872 (1971) ("While a complaint need not specifically deny the existence of any and all affirmative defense, it can, by inadvertence or otherwise, create or concede an affirmative defense fatal to its validity.").
¶26 WISCONSIN STAT. § 893.66 reads:
Certified public accountants; limitations of actions. (1) Except as provided in subs. (1m) to (4), an action to recover damages, based on tort, contract or other legal theory, against any certified public accountant licensed or certified under [ WIS. STAT. ] ch. 442 for an act or omission in the performance of professional accounting services shall be commenced within 6 years from the date of the act or omission or be barred.
(1m) If a person sustains damages covered under sub. (1) during the period beginning on the first day of the 6th year and ending on the last day of the 6th year after the performance of the professional accounting services, the time for commencing the action for damages is extended one year after the date on which the damages occurred.
(2) If a person sustains damages covered under sub. (1) and the statute of limitations applicable to those damages bars commencement of the cause of action before the end of the period specified in sub. (1), then that statute of limitations applies.
(3) This section does not apply to actions subject to [ WIS. STAT. §§] 551.509(10) or 553.51(4).
(4) This section does not apply to any person who commits fraud or concealment in the performance of professional accounting services.
¶27 The amended complaint recites the elements of WIS. STAT. § 893.66(1). Paragraph 7 of the amended complaint states that Farris is a certified public accountant duly licensed to practice that profession in Wisconsin. Paragraph 13 of the amended complaint states that Farris was retained by Woodside "to provide advice concerning the tax and other ramifications of the sale of the assets and, subsequently, the stock of Woodside Ranch." Paragraph 18 of the amended complaint alleges that the Shareholders relied upon Farris's advice when the Shareholders agreed to the proposed sale, and paragraph 19 alleges that the sale closed on July 18, 2002. The amended complaint alleges claims against the Farris defendants for negligence and the negligent breach of fiduciary duty in advising the Shareholders to go through with the sale to Midcoast, and seeks damages for the alleged misconduct. The amended complaint does not allege a claim for fraud or concealment.
¶28 On the face of the complaint, it is clear that the action would need to be filed prior to July 18, 2008, six years after the "act or omission" complained of, to avoid the bar of WIS. STAT. § 893.66.[6] The Shareholders filed the complaint on August 8, 2014, more than six years past the deadline. Thus, none of the facts constituting the defense of § 893.66 were unknown to the Shareholders.
B. Summary Judgment was Appropriate.
¶29 Before we set forth and discuss the three individual arguments by the Shareholders supporting the more general argument that issues of material fact preclude summary judgment, we review the standard of review for summary judgment and explain how the standard of review shapes the issues before us.
¶30 We review a circuit court's decision to grant or deny summary judgment de novo, using the same methodology as the circuit court. Hardy v. Hoefferle , 2007 WI App 264, ¶ 6, 306 Wis. 2d 513, 743 N.W.2d 843. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). Stated another way, the legal standard is whether there are any material facts in dispute that entitle the non-moving party to a trial. Lambrecht v. Estate of Kaczmarczyk , 2001 WI 25, ¶ 24, 241 Wis. 2d 804, 623 N.W.2d 751.
¶31 The summary judgment procedure begins with an examination of the pleadings to determine whether a cause of action has been stated and whether material issues of fact are presented. Marshall v. Miles , 54 Wis. 2d 155, 160, 194 N.W.2d 630 (1972). There is no dispute over the facts constituting the prima facie establishment that the time limit in WIS. STAT. § 893.66 bars the Shareholders' claims. Instead, the Shareholders make three arguments addressing whether the Farris defendants are entitled to claim the protection of § 893.66. We address each such argument in turn.
1. There Are No Disputed Material Facts Regarding Whether the Farris Defendants Are Equitably Estopped from Reliance Upon the Statute of Repose.
¶32 The Shareholders argue that questions of fact preclude a determination that the Farris defendants should or should not be estopped from reliance upon WIS. STAT. § 893.66. The Shareholders assert that a defendant may be precluded by principles of estoppel from asserting a "timing" defense even when the defense has been timely raised. The Shareholders rely on State ex rel. Susedik v. Knutson , 52 Wis. 2d 593, 596-97, 191 N.W.2d 23 (1971), which described the standard for application of equitable estoppel to be as follows:
• the defendant asserting reliance upon the expiration of a limitation (in this case the Farris defendants) must be guilty of fraudulent or inequitable conduct;
• the aggrieved party (in this case the Shareholders) must have relied upon the representations or acts of the defendant and, as a result of such reliance, failed to commence action within the statutory period;
• the acts, promises or representations must have occurred before the expiration of the limitation period;
• after the inducement of the delay has ceased to operate, the aggrieved party may not unreasonably delay;
• affirmative conduct of the defendant may be equivalent to a representation upon which the aggrieved party may rely to the party's disadvantage; and
• Actual fraud, in a technical sense, is not required to conclude that estoppel should apply.
Id.
¶33 " 'Proof of estoppel must be clear, satisfactory and convincing and is not to rest on mere inference and conjecture. We review independently the application of the doctrine of equitable estoppel to the undisputed facts of this case.' " Somers USA, LLC v. DOT , 2015 WI App 33, ¶ 13, 361 Wis. 2d 807, 864 N.W.2d 114 (quoted source omitted). To support a claim for equitable estoppel, the Shareholders must show that they reasonably relied upon some fraudulent or inequitable action or inaction of the Farris defendants that induced the Shareholders not to commence the action in a timely manner. Id.
¶34 Here, the Shareholders contend that there is a factual dispute as to whether the Farris defendants effectively made a fraudulent representation prior to the expiration of the time limit in WIS. STAT. § 893.66 that induced the Shareholders to delay in pursuing legal action against the Farris defendants. More specifically, according to the Shareholders, there is a factual dispute because it can be inferred from the undisputed facts that the Farris defendants cooperated with the Shareholders in their efforts to avoid transferee liability-both before the United States Tax Court and in the Seventh Circuit Court of Appeals-in order to keep them from timely filing their complaint in this case. The Shareholders do not assert that the Farris defendants made any overt promises or representations, but instead assert that such representations can be inferred from the "consistent course of conduct by [Farris]."
¶35 As noted above, the Shareholders rely on Susedik , in which our supreme court found that representations or promises could be inferred from the conduct of the defendant, who "conducted himself in such a manner so as to make respondent believe he would marry her and continue to support the child." Susedik , 52 Wis. 2d at 597. The defendant in Susedik lived with the plaintiff for almost seven years, fathered her child and made what the supreme court described as an extraordinary attempt to appear to be married, while making numerous representations to the plaintiff of the possibility of marriage. Id.
¶36 In contrast to Susedik , in Somers USA , the DOT asserted reliance based on an erroneous notation on a certified survey map, which labeled what was intended to be a reservation for a future highway as a dedication .[7] We found that the erroneous notation, as the result of a scrivener's error, was not sufficient to induce reliance by the DOT where the complex statutory procedure for a dedication was not otherwise complied with. Somers USA , 361 Wis. 2d 807, ¶ 11. The facts of the current case are consistent with our holding in Somers USA and are substantially distinguished from the facts in Susedik , as the following discussion demonstrates.
¶37 The substance of the Shareholders' argument is that it can be inferred that the Farris defendants cooperated with them in their efforts to avoid transferee liability both before the United States Tax Court and in the Seventh Circuit Court of Appeals in order to keep them from timely filing their complaint in this case. However, this allegedly reasonable "inference" is not a fact. Moreover, the undisputed fact that the Farris defendants worked to avoid transferee liability, once the government sought to impose it, was in both parties' interest. For the Shareholders, it would relieve them of the assessment, and it would relieve the Farris defendants of having to defend against a claim that they were negligent. Because cooperation in the federal proceedings was clearly mutually beneficial, it would take some additional fact beyond mere cooperation for there to have been justifiable reliance on that cooperation to show it was intended to keep the Shareholders from filing this action, just as it would take some additional factual basis for reliance on the scrivener's error beyond that error itself in Somers USA .
¶38 For example, there would need to be some statement or action by the Farris defendants that the cooperation would end if legal action were filed against the Farris defendants, in the same way that the representations of marriage in Susedik justified the plaintiff's reliance upon the inferences to be drawn from the nature of the relationship. The Shareholders fail to point to any such statement, but instead affirmatively concede that "there was no affirmative representation by [the Farris defendants] that they would ultimately pay a claim brought by [the Shareholders]." In short, the Shareholders have failed to establish either that the Farris defendants engaged in any "fraudulent or inequitable conduct," or that the Shareholders relied upon any such conduct. Accordingly, we conclude that there is no genuine issue of material fact as to whether the Farris defendants are estopped from asserting the WIS. STAT. § 893.66 time limitation as an affirmative defense.
2. There Are No Disputed Material Facts Regarding Whether Farris Provided "Professional Accounting Services."
¶39 The Shareholders assert that there is an issue of material fact as to whether the Farris defendants are entitled to the protection of WIS. STAT. § 893.66 because there is a factual dispute as to whether Farris was providing professional accounting services. The Shareholders argue that "[m]erely referring a client to a tax shelter promoter does not involve or require the performance of any [ ] 'accounting' functions."
¶40 The circuit court determined that the "undisputed factual record indicates that Farris'[s] referring of [the Shareholders] to Midcoast did not occur in a vacuum. In other words, the referral to Midcoast was a proposed answer to two issues presented to Farris by [the Shareholders] which can be fairly characterized as the provision of accounting services." In our de novo review, we reach the same conclusion.
¶41 The allegations of the Shareholders' amended complaint describe the provision of accounting services. The Shareholders allege in their amended complaint that Farris is a certified public accountant, and that they "retained [the Farris defendants] to provide advice concerning the tax and other ramifications of the sale of the assets and, subsequently, the stock of Woodside Ranch." Thus, the Shareholders allege in the amended complaint that they engaged Farris for tax advice, a normal function of professional accounting services. The Shareholders also expressly allege that Farris provided his opinion regarding the tax consequences of the transaction:
17. On July 11, 2002, [ ] Farris sent Woodside Ranch's attorney ... a letter providing his opinion that the shareholders would not be at risk for "transferee" liability for the federal tax obligation as long as Midcoast agreed not to liquidate the corporation for four (4) years after its purchase.
¶42 Nowhere do the Shareholders allege any facts from which it can reasonably be inferred that they retained Farris for the purpose of "merely referring [them] to a tax shelter promoter." While they may or may not have the basis for a cause of action over how professionally Farris performed his services, the allegations in the amended complaint expressly state that the Shareholders retained Farris to provide the Shareholders with professional advice within the expertise of a certified public accountant, and that Farris provided that advice. The referral was simply a part of the services that Farris provided. We conclude that the Shareholders have not pointed to any disputed facts that would raise an issue for a finder of fact in a trial regarding whether Farris was providing professional accounting services in his relationship with the Shareholders.
WIS. STAT. 3. There Are No Disputed Facts Regarding Whether the Concealment Exception in § 893.66(4) Applies.
¶43 The Shareholders argue that the circuit court erred in granting summary judgment on the basis that there is a factual dispute regarding whether the concealment exception in WIS. STAT. § 893.66 applies. Section 893.66(4) provides that the time limitation in subsection (1) "does not apply to any person who commits ... concealment in the performance of professional accounting services." The Shareholders assert that there are material facts, which we discuss below, to support the inference that Farris was aware of a notice from the IRS specifically warning that tax shelters like the one utilized by the Shareholders were not proper and that Farris concealed that knowledge.
¶44 In rejecting this same argument below, the circuit court concluded that the term "concealment," as used in WIS. STAT. § 893.66(4), is a deliberate act, requiring intent. On appeal, the Shareholders argue that the circuit court is wrong and that even negligent failure to disclose a fact can constitute "concealment." The Shareholders argue in the alternative that, even if "concealment" must be intentional, there are material facts in the record from which it could be reasonably inferred that Farris was aware of the IRS notice and that his failure to disclose the IRS notice to the Shareholders was a deliberate attempt to withhold that information "so that the [sale of stock and assets to Midcoast] would be concluded and [the Farris defendants] would get the $25,000 finder's fee."
¶45 We begin with the question of whether the term "concealment" in WIS. STAT. § 893.66(4) requires intent. Because the term concealment is not defined in the statute, we resort to statutory construction to determine its meaning. Statutory construction is a question of law subject to this court's de novo review. State v. Cole , 2000 WI App 52, ¶ 3, 233 Wis. 2d 577, 608 N.W.2d 432. "The goal of statutory interpretation is to ascertain and give effect to the intent of the legislature." Lake City Corp. v. City of Mequon , 207 Wis. 2d 155, 162, 558 N.W.2d 100 (1997). To achieve this goal, an appellate court first looks to the plain language of the statute itself. Id. In the absence of statutory definitions, this court construes all words according to their common and approved usage, which may be established by dictionary definitions. Id .
¶46 The circuit court utilized two different dictionaries and the Restatement (Second) of Contracts to determine that the word concealment describes an intentional act.[8] The Shareholders offer no contrary developed argument supported by authority. The Shareholders merely assert in a conclusory manner, without authority: "However, WIS. STAT. § 893.66(4) does not require that such 'concealment' be undertaken with any particular intent on the part of the accountant. Contrary to the [circuit] court's conclusion, [ § 893.66(4) ] does not preclude a finding of 'concealment' when it results from a negligent failure to disclose required information." Such a conclusory statement, unsupported by any authority, is not a developed argument and is insufficient to place the issue before us for de novo review. Were we to do so sua sponte, we would be abandoning our role as a neutral magistrate and undertaking to develop an argument on behalf of one of the parties. See Associates Fin. Servs. Co. of Wis., Inc. v. Brown , 2002 WI App 300, ¶ 4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (generally, this court does not consider conclusory assertions and undeveloped arguments).
¶47 The Shareholders argue in the alternative that there is a material factual dispute as to whether Farris intentionally failed to inform the Shareholders about the IRS position on the propriety of tax shelters like the one utilized by the Shareholders. They point to the following facts in support of their argument:[9]
• Farris testified that he was "not sure" whether he had seen the IRS notice before the Midcoast transaction.
• A letter from Midcoast to a colleague in Farris's office regarding a prior Midcoast transaction distinguished that transaction from those described in the IRS notice.
• Farris had a conversation with that colleague about the general nature of the Midcoast transaction, and the colleague testified that he did not recall whether he and Farris discussed the IRS notice during that conversation.
¶48 The Shareholders argue that these facts support the inference that Farris should have known about the IRS notice regarding the type of tax shelters at issue. Further, they argue that Farris's "acknowledge[ment] that the $25,000 'finders fee' was contingent on the transaction actually closing" supports the inference that Farris intentionally chose not to disclose the contents of the IRS notice so that he would receive that fee. Like the circuit court, we conclude that none of the "facts" identified by the Shareholders support the inferences they draw, that Farris knew of the IRS notice or that he actively concealed such knowledge. Accordingly, we reject the Shareholders' argument based on the concealment exception in the statute.
CONCLUSION
¶49 For all of the above reasons, we affirm the circuit court's order granting summary judgment dismissing all of the Shareholders' claims against the Farris defendants.
By the Court. -Order affirmed.
Not recommended for publication in the official reports.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.
Under Wis. Stat. § 893.66(1), "[e]xcept as provided in subs. (1m) to (4), an action to recover damages, based on tort, contract or other legal theory, against any certified public accountant licensed or certified under ch. 442 for an act or omission in the performance of professional accounting services shall be commenced within 6 years from the date of the act or omission or be barred."
The Farris defendants cross-appeal from part of the circuit court's order which ruled that, if Wis. Stat. § 893.66 does not bar all claims, then the Shareholders' negligence claims are not time-barred under Wis. Stat. § 893.53, which states that "[a]n action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced within 3 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred." Because we conclude that all of the Shareholders' claims against the Farris defendants are time-barred under § 893.66, we need not and do not address the cross-appeal.
The circuit court's order also dismissed the Shareholders' breach of fiduciary duty claim under Wis. Stat. § 893.57, but the Shareholders do not challenge that decision on appeal.

The Shareholders also sued Groeneweg, along with his firm, Quale Hartman, S.C. and their insurers. Groeneweg brought a motion for summary judgment, which was denied. As the caption indicates, those defendants are not party to this appeal.

Affirmative defenses can also be raised by motion. In Lentz v. Young, 195 Wis. 2d 457, 467, 536 N.W.2d 451 (Ct. App. 1995), we wrote:
Lentz's contention is that under [ Wis. Stat. ] § 802.02(3), .... a defendant waives his or her affirmative defenses unless they are specifically [plead]. However, as our supreme court noted in Robinson v. Mount Sinai Medical Ctr. , 137 Wis. 2d 1, 16-17, 402 N.W.2d 711, 717 (1987), a defendant may raise an affirmative defense by motion. Here, the record shows, and Lentz concedes, that Young raised the exclusivity issue by motion before trial. As Robinson demonstrates, this was an acceptable means of raising the defense.

Our supreme court stated in Landis v. Physicians Insurance Company of Wisconsin, Inc. , 2001 WI 86, ¶ 61 n.14, 245 Wis. 2d 1, 628 N.W.2d 893, that Wis. Stat. § 893.66"plainly operate[s] as [a] statute[ ] of repose" even though it is "not called such by the legislature."

The Shareholders add that Farris did not "identify the statute of repose in response to Plaintiffs' Second Set of Written Interrogatories." Whatever else a deficient response to an interrogatory is, it is not a failure to plead, and, thus, does not, in itself, constitute waiver by failure to plead. It may, however, provide some insight into the scope of the answer's assertion of the statute of limitations.

There is no allegation that Wis. Stat. § 893.66(1m),(2),(3) or (4) apply.

A dedication would operate as a conveyance of the right of way to the Department of Transportation relieving the department of the need to take the land through eminent domain. A reservation simply notes that part of the property on the map is reserved for future highway purposes.

The circuit court's decision states:
The American Heritage Dictionary defines "conceal" as "[t]o keep from being observed or discovered; hide." The American Heritage Dictionary of the English Language 380 (5th ed. 2011). Similarly, Black's Law Dictionary defines "concealment" as "1. The act of preventing disclosure or refraining from disclosing; esp. the injurious or intentional suppression or nondisclosure of facts that one is obliged to reveal; cover-up. 2. The act of removing from sight or notice; hiding." Black's Law Dictionary 349 (10th ed. 2014). See also Restatement (Second) of Contracts § 160, cmt. a ("[c]oncealment is an affirmative act intended or known to be likely to keep another from learning of a fact of which he would otherwise have learned. Such affirmative action is always equivalent to a misrepresentation..."). These definitions all have some element of intent or affirmative act.

We could disregard the Shareholders' entire factual argument because they do not support the facts to which they point with cites to the record. However, the circuit court reviewed the same facts and we rely on the record cites provided by the circuit court.