COURT OF APPEALS
DECISION
DATED AND FILED

September 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2018AP1888**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2018CV2411**

**IN COURT OF APPEALS
DISTRICT I**

KATHLEEN MCCAIGUE,

PLAINTIFF-APPELLANT,

V.

MARC A. MESSINGER, REALTY 100, INC. D/B/A RE/MAX REALTY 100, ALAN H. DEUTCH, DEUTCH LAW OFFICES SC, CHRISTINE SEEBER AND BRUCE G. BARNDT,

DEFENDANTS-RESPONDENTS.

APPEAL from orders of the circuit court for Milwaukee County: CLARE L. FIORENZA, Judge. *Affirmed*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Kathleen McCaigue, *pro se*, appeals orders of the trial court dismissing her numerous claims against several defendants, as set forth in her complaint filed in March 2018, relating to a failed real estate transaction that occurred in December 2005.  The trial court concluded that McCaigue's claims were time-barred by the relevant statutes of limitations.  McCaigue argues that equitable estoppel should apply in this case, and alleges that the trial court was biased against her.  Upon review, we affirm.

## BACKGROUND

¶2     In December 2005, defendant Bruce G. Barndt signed an offer to purchase McCaigue's home as the power of attorney for his mother, Helen Barndt.[1]  Barndt cancelled the contract on December 30, 2005, citing defects discovered in an inspection of the property, for which there was a contingency in the contract.

¶3     McCaigue's complaint—filed more than twelve years later—named as defendants Barndt; the Estate of Helen Barndt; Realty 100, Inc., (d/b/a RE/MAX Realty 100); Marc A. Messinger, McCaigue's real estate agent at Realty 100; Christine Seeber, an office manager at Realty 100; and Alan H. Deutch and Deutch Law Offices SC, who issued an opinion letter after the cancellation of the contract which stated that the earnest money for the transaction should be disbursed to Barndt.  The complaint—which was 420 paragraphs long, and consisted of over 100 pages—alleged sixteen causes of action, including breach of contract, breach of fiduciary duty, duty of good faith and fair dealing, intentional misrepresentation,

---

[1]  According to McCaigue's complaint, Helen Barndt passed away in 2011.

conspiracy, violations of WIS. STAT. § 100.18 (2019-20),[2] and intentional interference with a contractual relationship.

¶4    In the complaint, McCaigue made reference to a "Viking Ship Incident of 2012," which she explained occurred in May 2012 when her neighbor— who, according to McCaigue, is Barndt's sister—"put in a new patio and tilted it like a Viking Ship towards [McCaigue's] house." This angered McCaigue, and she stated that this was the "catalyst" for filing this action. McCaigue also alleged that the Viking Ship Incident "caused [her] to discover" that Barndt "never intended to fulfill the home sale contract he signed" because he did not want his mother living next door to his sister.

¶5    Additionally, McCaigue stated that "around July 2012" she gave "a relative" the contract to review. The relative told her that since the deadline for the inspection contingency had been December 23, 2005, the contract was cancelled "illegally." However, McCaigue had signed an extension for the contingency deadline. Furthermore, McCaigue had an attorney review the matter in 2006, who advised her that she had no cause of action.

¶6    Defendants Realty 100, Messinger, Seeber, Deutch, and Deutch Law Offices filed motions to dismiss on the ground that McCaigue's claims were barred by the applicable statutes of limitations. At a hearing held in June 2018 on those motions, the trial court agreed and dismissed all of the claims against those parties. The court further stated that conspiracy is not a valid standalone cause of action, and dismissed those claims as to all defendants for failure to state a claim for which relief can be granted. Barndt subsequently also filed a motion to dismiss the claims

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

against him, which was granted by the trial court on the same grounds. Additionally, the court found that service against the Estate of Helen Barndt had not been effected, and therefore dismissed the claims against the Estate as well. This appeal follows.

## DISCUSSION

*Statutes of Limitations*

¶7    We first address the issues raised by McCaigue regarding the applicable statutes of limitations for this matter. The application of a statute of limitations in an action is a question of law which we review *de novo*. *See Estate of Hegarty ex rel. Hegarty v. Beauchaine*, 2001 WI App 300, ¶14, 249 Wis. 2d 142, 638 N.W.2d 355.

¶8    At the June 2018 motion hearing, the trial court explained that there were different statutes of limitations that applied to McCaigue's claims, depending on whether they were contract claims with a six-year time limit, *see* WIS. STAT. § 893.43(1), or fraud claims with a three-year limit, *see* WIS. STAT. § 893.93(1m)(b).[3]   McCaigue's allegations relating to a WIS. STAT. § 100.18 violation also had a three-year time limitation. *See* § 100.18(11)(b)3. The trial court found that all of McCaigue's claims accrued in 2006, because at that point she had all of the pertinent information relating to the matter.

---

[3] McCaigue argues that WIS. STAT. § 893.93(1m)(b) had not yet become effective when she filed her complaint, and further notes that at the time the real estate transaction was canceled in 2005, the statute of limitations on a fraud claim was six years. *See* WIS. STAT. § 893.93(1)(b) (2005-06). Additionally, she points out that in its decision, the trial court referred to WIS. STAT. § 893.57, which provides for a three-year statute of limitations on intentional torts such as assault and battery. No such claim was included in McCaigue's complaint; although McCaigue discusses in the complaint an alleged "assault" by Messinger that occurred in 2005, she did not make a claim of assault against Messinger. In any event, any misstatement by the trial court regarding the applicable statutes of limitations has no bearing on our analysis in this opinion.

¶9      Nevertheless, the trial court allowed McCaigue to explain her theory that her causes of action did not begin to accrue until the Viking Ship Incident. With this argument, McCaigue was apparently attempting to invoke the "discovery rule," which states that the accrual date for claims of fraud for intentional misrepresentation is "when the plaintiff[] discovered or, in the exercise of reasonable diligence, should have discovered that [she was] injured, and the cause of [her] injury." *See John Doe 1 v. Archdiocese of Milwaukee*, 2007 WI 95, ¶¶13, 51, 303 Wis. 2d 34, 734 N.W.2d 827 (citation omitted).

¶10     A determination of whether a plaintiff has exercised reasonable diligence—although usually a question of fact—can be made as a matter of law "'when the facts and reasonable inferences that can be drawn from them are undisputed[.]'" *Id.*, ¶13 (citation omitted). Additionally, whether an inference is reasonable is also a question of law. *Id.*

¶11     Here, it is undisputed that McCaigue's claims are all based on documents and information that she had in her possession in 2006, after the contract was cancelled and Attorney Deutch issued his opinion letter stating that the earnest money should be disbursed to Barndt. We further note that McCaigue consulted her own attorney regarding the matter in 2006, who advised her that she had no cause of action.

¶12     Therefore, we conclude that McCaigue's claims accrued in 2006. As a result, by waiting until 2018 to file her complaint, all of her claims are time barred by the applicable statutes of limitations.

*Equitable Estoppel*

¶13     McCaigue also renews her argument that equitable estoppel should apply to her case.  She alleged that the defendants deceived her into believing that it was her fault that the real estate contract was cancelled, which prevented her from filing a breach of contract action earlier.  The trial court rejected her argument.

¶14     In order for equitable estoppel to be applied here, McCaigue must show that "some action or inaction by [the defendants] has induced reasonable reliance by [McCaigue] to [her] detriment."  *See **Somers USA, LLC v. DOT***, 2015 WI App 33, ¶13, 361 Wis. 2d 807, 864 N.W.2d 114.  "Proof of estoppel must be clear, satisfactory and convincing and is not to rest on mere inference and conjecture."  *Id.* (citation omitted).  "We review independently the application of the doctrine of equitable estoppel to the undisputed facts" of this case.  *Id.*

¶15     McCaigue did not allege any facts regarding particular actions or inactions by the defendants that precluded her from filing her action earlier.  Her argument seems to be based on her belief that Barndt did not really want his mother, Helen, living in McCaigue's house since it was located next to his sister's house.  Thus, according to McCaigue, Barndt signed the real estate contract with no intention of fulfilling it, and then all of the defendants conspired to cancel the real estate contract in order to deceive Barndt's sister.  This is clearly pure conjecture on the part of McCaigue, and includes no facts that are clear, satisfactory, and convincing.  *See id.*  In fact, McCaigue included in her complaint the opinion letter from Attorney Deutch regarding the disbursement of the earnest money, which specifically states that if either the buyer or the seller disagreed with the proposed disbursement, they could file a lawsuit regarding that issue.  That disclosure plainly

does not support McCaigue's allegations that the defendants precluded her from filing a lawsuit. Therefore, McCaigue's equitable estoppel argument fails.

*Judicial Bias*

¶16    McCaigue also asserts that the trial court was biased against her, based on her allegation that the court applied the "wrong" statute of limitations for her intentional misrepresentation claim in utilizing the current three-year time frame as opposed to the six-year time frame that was in effect in 2005 and 2006. *See* WIS. STAT. § 893.93(1)(b) (2005-06). "There is a presumption that a judge acted fairly, impartially, and without prejudice." **State v. Herrmann**, 2015 WI 84, ¶3, 364 Wis. 2d 336, 867 N.W.2d 772. "A defendant may rebut the presumption by showing that the appearance of bias reveals a great risk of actual bias." **Id.** "Whether a judge was objectively not impartial is a question of law that we review independently." **Id.**, ¶23 (citation omitted).

¶17    McCaigue's argument presents no evidence of the appearance of bias; at worst, the trial court misstated the applicable statute of limitations. Therefore, McCaigue has not rebutted the presumption that the trial court "acted fairly, impartially, and without prejudice." *See* **id.**, ¶3.

¶18    In short, all of McCaigue's arguments fail.[4] Accordingly, we affirm the trial court's orders dismissing all of her claims against the defendants.

*By the Court.*—Orders affirmed.

---

[4] It does not appear that McCaigue is appealing any of her claims that were dismissed on grounds other than being time barred by the applicable statutes of limitations. Issues not briefed on appeal are deemed abandoned. **Cosio v. Medical Coll. of Wis., Inc.**, 139 Wis. 2d 241, 242-43, 407 N.W.2d 302 (Ct. App. 1987).

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.