Jose COSIO, Plaintiff-Appellant,†

v.

MEDICAL COLLEGE OF WISCONSIN, INC., Dr.
Michael Keelan, The Academic Standing
Committee of the Medical College of
Wisconsin, Inc., Defendants-Respondents.

Court of Appeals

*No. 86–1175. Submitted on briefs January 6, 1987.—Decided
April 9, 1987.*

(Also reported in 407 N.W.2d 302.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Robert E. Sutton* of *Sutton & Kelly,* Milwaukee.

For the defendants-respondents the cause was submitted on the briefs of *T. Michael Bolger, Alyce C. Katayama, Patricia K. Ballman* and *Lynne English* of *Quarles & Brady,* Milwaukee.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J.   Jose Cosio appeals a summary judgment which dismissed his amended complaint against the Medical College of Wisconsin, Inc. (MCW). Cosio's amended complaint alleged that his academic dismissal from MCW constituted (1) a breach of express and implied contract; (2) gross negligence; and (3) an arbitrary and capricious act. Cosio also pled promissory estoppel and a violation of his rights under 42 U.S.C.A. sec. 1983. We will not address these last two issues since Cosio did not brief them on appeal;

they are deemed abandoned. *See Bulgrin v. Madison Gas & Elec. Co.,* 125 Wis. 2d 405, 411–12 n. 4, 373 N.W.2d 47, 51 n. 4 (Ct. App. 1985). We affirm the judgment.

Cosio enrolled for the 1981–82 academic year in MCW's Doctor of Medicine Program. Under MCW's academic policies, he was required to repeat his first year because of "marginal" and "unsatisfactory" grades. After he completed his repeated first year, he was advanced to the second year of study. He continued to have academic problems and was granted a leave of absence before the end of the term. He was allowed to repeat his second year of study under academic conditions, which he failed to meet. MCW dismissed Cosio on June 4, 1985. Cosio filed a complaint in the circuit court. The court granted summary judgment against Cosio, finding that he failed to establish the existence of fact issues relating to breach of contract or MCW's duty of care owed to him, or to show arbitrary conduct on MCW's part. We agree.

In reviewing Cosio's appeal, this court applies summary judgment standards in the same manner as the trial court. *Gordon v. Milwaukee County,* 125 Wis. 2d 62, 70, 370 N.W.2d 803, 807 (Ct. App. 1985). We must determine whether MCW is entitled to judgment as a matter of law. *Id.* We give no deference to the trial court's conclusions on matters of law. We apply the following methodology in determining whether summary judgment was properly granted to MCW:

> The first step is to examine the pleadings to determine whether a claim has been stated and whether a genuine issue of fact is presented. If the complaint states a claim and the pleadings show the existence of factual issues, the second step is to examine the moving party's affidavits and other

243

proof to determine whether the party has made a prima facie case for summary judgment. To make a prima facie case, a moving defendant must show a defense which would defeat the plaintiff. If the moving party has made a prima facie case, the third step is to examine the affidavits and other proof of the opposing party to determine whether there exist disputed material facts or undisputed material facts from which reasonable alternative inferences may be drawn, sufficient to entitle the opposing party to a trial.

*Rach v. Kleiber,* 123 Wis. 2d 473, 479, 367 N.W.2d 824, 827–28 (Ct. App. 1985) (citation omitted). MCW has the burden to establish that no fact issue exists and that it is entitled to judgment. *Garrett v. City of New Berlin,* 122 Wis. 2d 223, 228, 362 N.W.2d 137, 140 (1985).

## BREACH OF CONTRACT

Cosio's first cause of action is based on breach of contract, including breach of implied warranty of good faith. MCW breached, Cosio claims, by failing to provide competitive examinations which decided scholastic promotion. Instead, Cosio argues, MCW knew of widespread cheating by numerous students on examinations. MCW breached its covenant of good faith contract performance by its tolerance of cheating which, Cosio maintains, caused his failure and the promotion of those who cheated. We reject this argument because the contract provided a means of addressing students' unethical behavior which Cosio failed to use.

An uncontroverted affidavit of the senior associate dean and director of student affairs at MCW averred that Cosio received a 1981–82 Bulletin and Handbook when he was interviewed and when he registered. These documents were contractual in nature and spelled out part of the relationship between Cosio and MCW. *See Prusack v. State,* 498 N.Y.S.2d 455, 456 (N.Y. App. Div. 1986); *Kraft v. William Alanson White Psychiatric Found.,* 498 A.2d 1145, 1148 (D.C. App. 1985).

The handbook provided a comprehensive student honor system to deal with student's unethical behavior. It provided, "*All alleged honor violations are to be reported to a member of the Student Affairs Committee (S.A.C.) of the class to which the alleged offender belongs.*" [Emphasis in original.] The handbook contained detailed provisions for creation of a committee to consider violations, for a preliminary hearing, for a final hearing before SAC, and for determination of violations and sanctions. It mandated notice and opportunity to be heard for the violator at each step. The handbook required written SAC findings and provided for rehearing in the event of newly discovered evidence and for appeal to the appeals subcommittee of the Executive Committee of the Faculty.

It is without dispute that Cosio never used this procedure. In an uncontroverted affidavit, the associate dean for student affairs asserted that in the spring of 1982 Cosio reported cheating to her. She made a photocopy of the handbook honors provisions and offered to assist him in proceeding against the offenders. Cosio did not pursue the matter. Later the associate dean saw Cosio and inquired whether he wanted to proceed. He said he did not.

Cosio's amended complaint alleges that MCW had a duty to monitor examinations. No such duty is found in the bulletin or handbook. No duty will be read into an unambiguous contract on summary judgment. *See Luterbach v. Mochon, Schutte, Hackworthy, Juerisson, Inc.,* 84 Wis. 2d 1, 7, 267 N.W.2d 13, 15 (1978). We conclude that the pleadings and affidavits fail to raise a fact issue as to any contractual breach on the part of MCW.

## ARBITRARY DISMISSAL

Cosio maintains that his dismissal was arbitrary because MCW tolerated widespread cheating on examinations. MCW's reason for Cosio's dismissal, however, was his unsatisfactory academic performance.

MCW's bulletin contained provisions regulating dismissals. This power was vested in the Committee on Academic Standing, which weighed departmental evaluations and sought advice from faculty members and the director of student affairs. The bulletin states that the appeals procedure can be obtained at the dean's office. A review of Cosio's academic performance, found in uncontroverted affidavits on summary judgment, showed that MCW continuously monitored his scholastic performance. The committee permitted Cosio to repeat his first and second academic years. Cosio was aware of the committee's consideration of his work and other personal circumstances. The committee advised Cosio that any grade less than passing in his second repeated year would be grounds for dismissal. When Cosio failed to meet this condition, the committee dismissed him, stating its reasons and advising him of his appeal rights.

Cosio argues that MCW acted arbitrarily because while dismissing him, it permitted others, who engaged in cheating, to graduate. We reject this agument. The test for arbitrary or capricious dismissal is whether the dismissal is based on sufficient reasons; if a school has sufficient reasons for dismissal, as MCW did, the court will not interfere. *Frank v. Marquette University*, 209 Wis. 372, 377, 245 N.W. 125, 127 (1932).

## NEGLIGENCE

Cosio's amended complaint charges MCW with negligence in failing to monitor examinations. Essentially, it alleges that MCW was negligent in the performance of its contract with him. As a result, Cosio claims, those who cheated received grades of passing and the grade curve was thereby skewed to his disadvantage. Because we have determined that MCW had no duty to monitor examinations under its contractual arrangement with Cosio, we reject this argument.

In summary, we hold that the trial court providently granted summary judgment because (1) no issue of fact is presented relating to MCW's breach of contract or warranty of good faith because Cosio failed to use the remedy provided by contract to correct unethical student behavior; (2) Cosio's dismissal was not arbitrary because MCW's reason to dismiss him, unsatisfactory scholastic performance, was undisputed in the record; and (3) MCW was not negligent

because it owed Cosio no duty to monitor examinations.

*By the Court.*—Judgment affirmed.