# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:     2021AP538

†Petition for Review filed

Complete Title of Case:

### SARAH MAGNUSSEN,

#### PLAINTIFF-APPELLANT,†

### V.

### STATE OF WISCONSIN,

#### DEFENDANT-RESPONDENT.

| | |
|---|---|
| Opinion Filed: | April 5, 2022 |
| Submitted on Briefs: | January 12, 2022 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, C.J., Donald, P.J., and Dugan, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James A. Walcheske, Scott S. Luzi,* and *David M. Potteiger* of *Walcheske & Luzi, LLC* of Brookfield. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Joshua L. Kaul*, attorney general, *Colin A. Hector*, assistant attorney general, and *Steven C. Kilpatrick*, assistant attorney general. |

COURT OF APPEALS
DECISION
DATED AND FILED

April 5, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP538**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV3112

IN COURT OF APPEALS

---

SARAH MAGNUSSEN,

PLAINTIFF-APPELLANT,

V.

STATE OF WISCONSIN,

DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

¶1 BRASH, C.J. Sarah Magnussen appeals an order granting summary judgment in favor of the State of Wisconsin, her employer, with regard to her wage claim. Magnussen asserts that the trial court erred in rejecting her claim that the State violated the Wisconsin Wage Payment and Collection Laws by categorizing

her position as a nurse clinician as being exempt from their provisions, particularly with regard to the calculation of overtime pay as set forth in the Fair Labor Standards Act (FLSA). The trial court determined that the State met its burden of demonstrating that Magnussen satisfies the criteria for exemption from those provisions. Upon review, we affirm.

## BACKGROUND

¶2 Magnussen, a registered nurse, works for the State Department of Corrections as a "nurse clinician." The State treats all nurse clinicians as salaried employees, which means that they receive a specific amount of base pay for "every pay period during which they are ready, willing and able to work."

¶3 Based on this pay structure, the State categorizes nurse clinicians as exempt from FLSA overtime requirements. Those requirements generally prohibit an employee from working more than forty hours per week without being compensated for that overtime "at a rate not less than one and one-half times the regular rate at which he [or she] is employed." *See* 29 U.S.C. § 207(a)(1) (2010). However, the FLSA allows for an exemption from its overtime pay requirements for employees who are "employed in a bona fide executive, administrative, or professional capacity[.]" *See* 29 U.S.C. § 213(a)(1) (2018). The State considers nurse clinicians exempt under that professional exemption.[1]

---

[1] The Wisconsin Department of Workforce Development has determined that the FLSA regulations relating to overtime issues are applicable to employees of the State. *See* WIS. ADMIN. CODE § DWD 274.08(2) (April 2018). Magnussen's initial complaint included claims that the State had violated the FLSA as well, but those claims were dismissed with prejudice by the trial court on the grounds that they were barred because of sovereign immunity. Magnussen does not raise any arguments on appeal regarding that dismissal, so we do not address it. *See Cosio v. Medical Coll. of Wis., Inc.*, 139 Wis. 2d 241, 242-43, 407 N.W.2d 302 (Ct. App. 1987) (arguments not briefed on appeal are deemed abandoned).

¶4 Magnussen, however, asserts that nurse clinicians should be considered non-exempt employees based on their pay structure. In addition to their salary, nurse clinicians may receive supplemental or "add-on" pay, which is offered for positions where incentives are necessary to recruit and retain employees. For example, when Magnussen was working as a "weekend nurse," she received add-on pay of $10 per hour. Nurse clinicians are also eligible to receive an additional $1 per hour as add-on pay when providing "direct patient care."

¶5 Additionally, nurse clinicians are paid additional compensation when they work more than forty hours per week. However, this additional compensation is calculated in accordance with the State Compensation Plan—as opposed to the provisions of the FLSA—since they are considered exempt employees. The State's method calculates this additional compensation for hours beyond the forty-hour work week at a rate of one and one-half times Magnussen's base hourly rate. Magnussen contends that this rate is significantly less than if it was calculated based on her "regular" rate—which she asserts should include her add-on pay—as required under the FLSA.

¶6 Therefore, Magnussen filed this action contending that she and other nurse clinicians should be considered hourly, non-exempt employees rather than salaried, exempt employees. She argued that the method by which she is required to record her hours, as well as the structure of her add-on pay, support her claims. She further pointed to at least two occasions where she was not paid her guaranteed minimum salary. Finally, she contended that even if the State demonstrated that she

was an exempt employee, her guaranteed salary was not reasonably related to her total actual compensation, as required by 29 C.F.R. § 541.604(b) (2020).[2]

¶7      Magnussen filed a motion for partial summary judgment asking the trial court to find, as a matter of law, that she is an hourly, non-exempt employee. The State, on the other hand, filed a motion for summary judgment arguing that Magnussen is an exempt employee because she satisfies the criteria of the "salary basis" test.[3] *See* 29 C.F.R. § 541.602(a). That test is met if the employee "regularly receives each pay period … a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." *Id.* The State further asserted that the reasonable relationship requirement of 29 C.F.R. § 541.604(b) is not applicable to Magnussen since her guaranteed salary is not "computed on an hourly, a daily or a shift basis," as described in that regulation. *See id.*

¶8      The trial court determined that Magnussen met the criteria of the salary basis test and was therefore an exempt employee. The court noted that the FLSA regulations generally allow for the practice of tracking hours without forfeiting the exemption "if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis," *see* 29 C.F.R. § 541.604(a), and found that Magnussen's compensation records supported the State's position that she receives a guaranteed salary amount. It noted that her paychecks show that she received a set amount of wages for eighty "regular hours"

---

[2] All references to the Code of Federal Regulations are to the 2020 version unless otherwise noted.

[3] There are two tests for determining whether the professional exemption from FLSA is applicable:  the duties test and the salary basis test. *See* 29 C.F.R. § 541.2; *see also* **Auer v. Robbins**, 519 U.S. 452, 455 (1997). Magnussen concedes that the duties test is satisfied.

worked, stating that "[t]he uniformity of these compensation records is highly indicative of a salary compensation structure."

¶9 Additionally, the trial court rejected Magnussen's argument that her receipt of less than her guaranteed wages on two occasions defeated the exemption, citing the "public accountability" exception to the criteria of the salary basis test that prohibits a reduction of the guaranteed salary amount for hours not worked. *See Demos v. City of Indianapolis*, 302 F.3d 698, 701-02 (7th Cir. 2002). Under the public accountability exception, a government entity is permitted to dock an employee's pay for hours not worked and still satisfy the salary basis test. *See id.* at 702.

¶10 The trial court also rejected Magnussen's argument that her compensation did not meet the reasonable relationship requirement of 29 C.F.R. § 541.604(b). The court reasoned that because it had found that Magnussen was paid a guaranteed salary, she was not an hourly employee, and thus that provision did not apply to her.

¶11 Therefore, the trial court denied Magnussen's motion for partial summary judgment, and granted summary judgment in favor of the State. This appeal follows.

## DISCUSSION

¶12 This court reviews a trial court's decision to grant summary judgment independently, applying the same methodology, in accordance with WIS. STAT. § 802.08 (2019-20).[4] *Kohn v. Darlington Cmty. Sch.*, 2005 WI 99, ¶11, 283 Wis.

---

[4] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

2d 1, 698 N.W.2d 794.  Summary judgment shall be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Sec. 802.08(2).  In determining whether summary judgment was appropriately granted, this court reviews the summary judgment materials in the light most favorable to the nonmoving party.  *Kohn*, 283 Wis. 2d 1, ¶11.

¶13  The trial court's decision was based on its interpretation of the relevant federal regulations, and our review requires us to engage in such an analysis as well.  Courts should apply the "general principles of statutory interpretation when construing federal regulations."  *Voces De La Frontera, Inc. v. Clarke*, 2017 WI 16, ¶13, 373 Wis. 2d 348, 891 N.W.2d 803.  That is, the meaning of the relevant regulations must be determined "so that it may be given its full, proper, and intended effect."  *See State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.  For this analysis, the language of the regulations is "interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related [regulations]; and reasonably, to avoid absurd or unreasonable results."  *See id.*, ¶46.  This analysis presents a question of law, which we review *de novo*.  *See DOR v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.  Furthermore, the application of a statute or regulation to undisputed facts is a question of law, which we also decide independently.  *See Kox v. Center for Oral & Maxillofacial Surgery, S.C.*, 218 Wis. 2d 93, 99, 579 N.W.2d 285 (Ct. App. 1998).

¶14  As previously stated, the trial court held that the State had met its burden of proving that Magnussen was an exempt employee.  *See Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 370 (7th Cir. 2005) ("It is the

6

employer's burden to establish that an employee is exempt from the FLSA's overtime requirements."). The court's decision was based on its finding that Magnussen's compensation met the salary basis test pursuant to 29 C.F.R. § 541.602(a). To satisfy the criteria of that test, an employee must receive a "predetermined amount" of wages for each pay period that is "not subject to reduction because of variations in the quality or quantity of the work performed." *Id.* In other words, "[i]f an employer docks an employee's pay for partial day absences, violations of rules other than those of safety, or based on the quantity or quality of the employee's work, the employee is not considered to be on a salary basis." *Kennedy*, 410 F.3d at 370 (citation omitted).

¶15    However, an employer which is a government entity may dock its employees' pay for working fewer than the minimum amount of hours required and still meet the criteria for the salary basis test, under the principles of public accountability. *See Demos*, 302 F.3d at 702. This public accountability exception is grounded in the fact that government employment positions are funded by taxpayer money; thus, government employers track their employees' hours "either because they are required by law to keep track of individual employees' hours or because the public expects government workers to be available during normal business operating hours." *Id.*

¶16    Moreover, the State's requirement that its employees track their hours does not negate their exempt status under the salary basis test, because those employees can still be considered "salaried" if their compensation "consists of a guaranteed predetermined amount plus additional compensation." *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 71 (6th Cir. 1997). This rule was confirmed in an Opinion Letter by the United States Department of Labor on this issue:

> Provided that employees regularly receive each biweekly pay period under the employment agreement no less than 1/26th of their annual salary (except those deductions expressly permitted), their exempt status is not affected by the actual number of hours that are entered for a particular pay period or for each separate week within that pay period, or by how the time is described when it is entered into the payroll system (e.g., regular time, overtime, holiday pay, sick leave, personal leave or other codes).

*See* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter on the Fair Labor Standards Act (July 9, 2003), 2003 WL 23374601, at *2.

¶17     Magnussen's appointment letter from the State for the nurse clinician position indicated that she would be paid a salary based on an hourly rate. The State calculates an hourly rate of pay for all of its employees, regardless of exemption status. This is due in part to principles of public accountability, as explained above. *See Demos*, 302 F.3d at 702.

¶18     Magnussen argues that her appointment letter did not specify a guaranteed salary. However, her compensation records indicate that, generally, her regular wages were for eighty hours per pay period at the hourly rate set forth in the letter.[5] Any pay periods where she was docked wages for hours she did not work were properly subtracted under the public accountability exception. *See id.* This pay structure meets the criteria of the salary basis test. *See Douglas*, 113 F.3d at 71; 29 C.F.R. § 541.602(a).

¶19     Nevertheless, Magnussen argues that even if this court determines that she meets the salary basis test, her guaranteed salary is based on an hourly calculation and, as a result, the reasonable relationship requirement for additional compensation of 29 C.F.R. § 541.604(b) is applicable. As stated in *Douglas*,

---

[5] State employees are paid bi-weekly. *See* WIS. STAT. § 16.53(1)(d)1.

salaried employees may receive additional compensation without losing their status as exempt employees, *see id.*, 113 F.3d at 71, with the guidelines for such additional compensation set forth in § 541.604(a)-(b). Specifically, § 541.604(a) allows for an employer to "provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." Such additional compensation may include "a percentage of the sales or profits of the employer" or "additional compensation based on hours worked for work beyond the normal workweek." *Id.* This additional compensation "may be paid on any basis (e.g., flat sum, bonus payment, *straight-time hourly amount*, time and one-half or any other basis), and may include paid time off." *Id.* (emphasis added).

¶20 The provisions of 29 C.F.R. § 541.604(b) explain that an employee whose earnings are "computed on an hourly, a daily or a shift basis" may also receive additional compensation without losing exemption status as long as "the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis … and a reasonable relationship exists between the guaranteed amount and the amount actually earned." Furthermore, this subsection specifically states that "[t]he reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis." *Id.*

¶21 We conclude that Magnussen's compensation clearly falls within the parameters of 29 C.F.R. § 541.604(a). As previously discussed, the record indicates that Magnussen is paid on a salary basis; that is, she was paid a set amount each pay period regardless of the number of hours she worked, except for deductions under the public accountability exception. The fact that her compensation is broken down into an hourly amount—as is the case for all State employees' compensation—does

9

not translate into her wages being "computed on an hourly, daily or shift basis," as required for the application of § 541.604(b) and the reasonable relationship requirement. *See id.*

¶22    Furthermore, the add-on pay Magnussen received for working weekend shifts or for direct patient care is an incentive the State offers, akin to the examples of sales commissions or bonuses described in 29 C.F.R § 541.604(a). In fact, as noted above, § 541.604(a) expressly allows for such incentives to be paid on an hourly basis. *See id.* We therefore conclude that § 541.604(a), by its plain language, applies to Magnussen's compensation. *See Kalal*, 271 Wis. 2d 633, ¶49 (the "purpose or scope" of a statute or regulation "may be readily apparent from its plain language"). Thus, we need not address § 541.604(b) and its reasonable relationship requirement.

¶23    In sum, based on the FLSA regulations and other applicable case law as applied to the facts of this case, we conclude that Magnussen was paid a guaranteed salary, and thus the State has met its burden of demonstrating that she is exempt from the FLSA overtime requirements. *See Kennedy*, 410 F.3d at 370. Accordingly, we affirm the trial court's grant of summary judgment in favor of the State.

*By the Court.*—Order affirmed.